(117 So. 668)

**UNITED STATES FIDELITY & GUARANTY CO. v. MILLER.   (8 Div. 12.)**

Supreme Court of Alabama.   June 30, 1928.

Douglass Taylor, of Huntsville, for appellant.

John J. Sparkman, of Huntsville, for appellee.

**BROWN, J.** ▓ It is the settled law in this jurisdiction that, to authorize the recovery of exemplary damages in an action for wrongful attachment, the complainant must not only show that the process was wrongfully sued out, but that the plaintiff sued out the writ, without probable cause for believing that some statutory ground therefor existed. and that there was a debt or demand justly due or owing by the defendant to the plaintiff. Schloss et al. v. Rovelsky, 107 Ala. 596, 18 So. 71; Crofford v. Vassar, 95 Ala. 548, 10 So. 350; Hamilton v. Maxwell, 119 Ala. 23, 24 So. 769; Bell et al. v. Seals Piano & Organ Co., 201 Ala. 428, 78 So. 806; Pounds et al. v. Hamner, 57 Ala. 342.

▓ Though the third count of the complaint does not aver ipsis verbis that the writ of garnishment was sued out without probable cause, it does aver that the notes, the foundation of King's suit against Miller, had been paid before the commencement of that suit, and, at the time the garnishment was issued, Miller was not indebted to King, and that King "well knew" this, and brought the suit and sued out the garnishment knowing that he did so wrongfully "and with the purpose and intent to disturb, annoy, and harass plaintiff."

These averments clearly import that the garnishment was not only wrongfully sued out, but was sued out without probable cause and were sufficient under the authorities to authorize the recovery of exemplary damages. Dothard v. Sheid, 69 Ala. 135; 2 R. C. L. 908, § 120; Spaids v. Barrett, 57 Ill. 289, 11 Am. Rep. 10; Watson v. Cain, 171 Ala. 151, 54 So. 610.

▓ Under the averments of the second count of the complaint, if these averments were sustained by proof, the plaintiff was entitled to recover, at least nominal damages, and the demurrers to this count, taking the point that the debt due from Rutter, the garnishee, to plaintiff, which is alleged to have been "delayed and lost" to plaintiff "by reason of said process of garnishment being wrongfully, vexatiously, and maliciously sued out," was not a proper element of damages recoverable in the actions, were properly overruled. Terrell v. Nelson et al., 177 Ala. 596, 58 So. 989; Gilliland et al. v. Hawkins, 216 Ala. 97, 112 So. 454.

In Pounds et al. v. Hamner, 57 Ala. 342, 345, it was said that:

"If the garnishee be in fact indebted, the result will be to tie up the claim, and delay its collection, until the garnishment suit is determined. From this necessary result, some damage will be done the defendant; and it may be that the whole debt is thereby lost to him. Garnishment being a species of attachment, its tendency is to harass, and, in some degree, to bring odium on the defendant. On these accounts it is that an action is given to defendant, if the garnishment be wrongfully or vexatiously sued out. If the garnishment be simply wrongful, the measure of damage and of recovery will be the actual injury sustained, and nothing will be allowed for injured feelings. Floyd v. Hamilton, 33 Ala. 235. If it be also vexatious, then a different rule prevails."

, One or more of the counts aver:

"That plaintiff sustained large damage in the loss of plaintiff's credit and standing and injury to his business by reason of said garnishment being wrongfully, vexatiously, and maliciously sued out."

■ The plaintiff offered evidence going to show that the plaintiff and King, at the time the garnishment was sued out, were business rivals, each operating a business college, that Rutter, the garnishee, was indebted to the plaintiff in the sum of $1,800, payable in installments evidenced by notes which plaintiff had hypothecated as collateral with a bank to obtain credit as a means of obtaining money to conduct his business; that, as a result of the garnishment against Rutter, plaintiff was compelled to liquidate his indebtedness at the bank, and this so crippled his credit and financial ability that he had to abandon his business. Under this evidence it was a question for the jury, as to what, if any, damages the plaintiff was entitled to recover for loss of credit. Bell et al. v. Seals Piano & Organ Co., 201 Ala. 428, 78 So. 806; Pollock & Co. v. Gantt, 69 Ala. 373, 44 Am. Rep. 519.

The ruling in Marx Bros. v. Leinkauff & Strauss, 93 Ala. 453, 9 So. 818, that the averments in the complaint in that case, that prior to the issuance of the attachment the plaintiffs "were held in great regard by, and had a large credit with, each of the following firms, viz., M. P. Levy, A. G. Levy & Co., and J. Pollock & Co., and were able to borrow large sums of money from each of said persons; and that, by reason of the matters hereinbefore complained of, plaintiffs' credit with said several persons was greatly injured, to their damage," presented a claim for damages that "were too remote and speculative" to be recovered on that action. Non constat the impairment of this line of credit in no way affected the plaintiffs' business or impaired their ability to earn money.

■■ Yet "injury to the credit and business of a defendant in attachment may result from the wrongful or vexatious suing out of an attachment, and form the basis for the recovery of special damages in a suit on the attachment bond." Vandiver & Co. v. Waller, Adm'x, 143 Ala. 411, 39 So. 136; 6 C. J. 540, § 1323, and authorities cited in note 79. The excerpts from the oral charge of the court, to which exceptions were reserved, when considered in connection with the whole charge, in the light of the evidence, cannot be pronounced erroneous. Special charges made the basis of assignments of error 12, 19, and 20, when so considered, were refused without error.

■ If the garnishment was sued out maliciously and without probable cause, damages may be awarded for injury to feelings. City

Nat. Bank v. Jeffries, 73 Ala. 183; Floyd v. Hamilton, 33 Ala. 235; 6 C. J. 541, § 1324. Therefore special charges made the basis of assignments of error 13, 14, 15, and 17, were refused without error.

■ On the case presented, the plaintiff was entitled to recover all actual damages suffered as a proximate consequence of the wrongful issuance of the writ, and the evidence, and the jury was authorized to assess exemplary damages as well, and, while the damages awarded by the verdict were for the full penalty of the bond, in the circumstances as presented on this record, we do not feel justified in holding that the court erred in refusing the motion for a new trial, nor that the award was excessive.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.