277 So.2d 330

**Norman L. TARVER**

v.

**HOUSEHOLD FINANCE CORPORATION.**

**SC 258.**

Supreme Court of Alabama.

May 3, 1973.

Fred F. Smith, Jr., Prichard, for appellant.

Perloff, Reid & Briskman, Mobile, for appellee.

**26**

BLOODWORTH, Justice.

Plaintiff (appellant here), Norman Tarver, filed suit against defendant (appellee here), Household Finance, alleging that defendant had wrongfully caused a garnishment to be levied against his wages. The complaint was in two counts. Defendant filed demurrer thereto which was sustained. Plaintiff amended, defendant refiled its demurrer thereto, and the demurrer was again sustained. Defendant then filed a motion to dismiss the action. It was granted, and the cause was dismissed. The order of dismissal was thereafter set aside and plaintiff took a non suit, appealing the last adverse ruling on the pleadings to the Court of Civil Appeals. That court reversed and remanded the cause in Tarver v. Household Finance Corp., 47 Ala.App. 273, 253 So.2d 333, holding amended Count II to be sufficient against the demurrer interposed.

After remandment, plaintiff again amended his complaint by increasing the amount of damages claimed from $5,000 to $10,000. Defendant refiled its demurrer, with some additional grounds, and the same was sustained. Plaintiff then filed "Amended Count III," and increased the amount sued for to $25,000. Defendant refiled its demurrer thereto, which was sustained. Plaintiff then took another voluntary non suit and gave notice of appeal to the Court of Civil Appeals. The case was transferred from that court to this court, because the amount claimed by plaintiff was in excess of the jurisdictional amount of that court. Sec. 11, Act 987, Acts of the Legislature, Regular Session 1969, Vol. II, p. 1744, approved September 12, 1969 (Sec. 111(11), Title 13, Code of 1940, as Recompiled 1958).

The sole question before us is whether the trial court's action in sustaining the defendant's demurrer to "Amended Count III" of the complaint was erroneous or not. We think it was and reverse and remand.

In "Amended Count III," plaintiff seeks damages of $25,000, averring that defendant procured and had issued a writ of garnishment from the General Sessions Court of Mobile County on plaintiff's wages and that at the time the writ of garnishment was issued no valid judgment existed against him in the General Sessions Court of Mobile County, because he had, at the time the writ of garnishment was issued, appealed the judgment on which the garnishment issued to the Circuit Court of Mobile County. Plaintiff further avers that he had appealed an adverse ruling of the Circuit Court of Mobile County in said case to the "Court of Appeals of the State of Alabama," and that no valid judgment existed in the General Sessions Court of Mobile County on which the writ of garnishment could be based. Plaintiff further avers that defendant "knowingly, willfully, intentionally or maliciously procured said writ of garnishment to be issued" for the purpose of extorting money from the plaintiff. As damages, plaintiff avers that he lost time from work, was placed in a bad light with his employer, his job was placed in danger, and he was caused to spend money for attorneys' fees.

Plaintiff's allegations in "Amended Count III" are strikingly similar to those contained in the third count in Dudley v. Stansberry, 5 Ala.App. 491, 59 So. 379 (1912). In that case the then Court of

Appeals held the count to be sufficient, stating:

"If, as is alleged in the third count of the complaint, the appellant owed none of the appellees anything, and if the appellees, as alleged in the complaint, *knowingly, willfully, or intentionally* sued out a writ of garnishment and had the writ levied upon the appellant's wages, for the purpose of *extorting* from him money to the amount of $25, the law certainly furnishes the appellant with a remedy, viz., a special action of trespass on the case for such an unlawful abuse of legal process to the appellant's injury. If the appellant owed nothing to the appellees, and they procured the garnishment to issue for the purpose of *extorting* money from him, then there was an absence of probable cause and *no* grounds for procuring the writ of garnishment to issue; and, if done to "extort money" from appellant to which appellees had no right, the act was maliciously done, within the meaning of the law. Brown v. Master, 104 Ala. 451, 16 So. 443.

" 'Extortion' is the 'wrongful exaction of money'; 'an imposition under *color* of right.' Words and Phrases, vol. 3, pp. 2622, 2623. 'At common law,' extortion 'was any imposition by color of right.' Words and Phrases, supra. 'The ordinary meaning of the word "extortion" is the taking or obtaining of anything from another by means of illegal compulsion or oppressive exaction.' Words and Phrases, supra. So that, if the appellant owed the appellees *nothing*, and the appellees intentionally, knowingly, or willingly made use of legal process to extort money from the appellant, they made use of that process wrongfully, without probable cause, and maliciously. The count is plainly sufficient, and, if the facts alleged are proven to the satisfaction of a jury, will support a verdict and judgment."

This court distinguished between actions for malicious prosecution and for abuse of process in the case of Dickerson v. Schwabacher, 177 Ala. 371, 58 So. 986 (1912), viz:

"One essential difference between the actions is that malicious prosecution refers to malice and wrong in the issuance of the process, while abuse of the process refers to the malicious and wrongful use of process which is regular and rightful in its issuance. This court has drawn the distinction that 'in the action of malicious prosecution against a plaintiff in attachment the attachment must be wrongful, and must have been sued out with malice, and without probable cause. * * *' * * * Judge Cooley says that: 'If process, either civil or criminal, is willfully made use of for a purpose not justified by law, this is abuse for which an action will lie. * * *' * * * It is 'the malicious perversion of a regularly issued process to accomplish some purpose whereby a result not lawfully nor properly attainable under it is secured,' as garnishing exempt wages, in order to 'coerce the debtor into payment, out of his exemptions, to avoid discharge by his annoyed employer.'—Nix v. Goodhill, 95 Iowa, 282, 63 N.W. 701, 58 Am.St.Rep. 434; Kline v. Hibbard, 80 Hun. 50, 54, 61 St.R. 341, 29 N.Y.S. 807. 'A malicious abuse of legal process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is the malicious perversion of a regularly issued process whereby a result not lawfully or properly attainable under it is secured.'—Bartlett v. Christhilf, 69 Md. 219, 229, 14 A. 518, 521."

It is clear that causing a writ of garnishment to be issued for the purpose of extorting money from the plaintiff, as was alleged in "Amended Count III," would be "for a purpose not justified by the law."

In Prosser on Torts (4th ed.), § 121, pp. 856–8, the distinction between the two actions is discussed, viz:

"Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance. Consequently in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause or in the course of a proceeding begun without probable cause. * * * Thus if the defendant prosecutes an innocent plaintiff for a crime without reasonable grounds to believe him guilty, it is malicious prosecution; if he prosecutes him with such grounds to extort payment of a debt, it is abuse of process. But the two torts have the common element of an improper purpose in the use of legal process, and there are many cases in which they overlap and either will lie, such as the excessive attachment of property to coerce settlement of a suit, or indeed any unjustified criminal prosecution or civil action in which legal process is used for an end other than that of the proceeding itself."

■ Most of defendant's grounds of demurrer are quite general, but four of them specifically take the point that plaintiff does not aver want of probable cause and that plaintiff does not aver that the original suit, on which this cause is based, terminated in the plaintiff's favor. It will be seen from the foregoing that the termination of the original suit in plaintiff's favor is not an element of a cause of action for abuse of process. It would appear that, contrary to the above-quoted statement from Prosser on Torts, want of prob-

able cause is an element of an action for abuse of process to be averred and proved in Alabama. Dudley v. Stansberry, supra.

■ Plaintiff sufficiently alleged want of probable cause in the institution of the proceedings in this case in his "Amended Count III." For in the case of United States Fidelity & Guaranty Co. v. Miller, 218 Ala. 158, 117 So. 668 (1928), this court held:

"Though the third count of the complaint does not aver ipsis verbis that the writ of garnishment was sued out without probable cause, it does aver that the notes, the foundation of King's suit against Miller, had been paid before the commencement of that suit, and, at the time the garnishment was issued, Miller was not indebted to King, and that King 'well knew' this, and brought the suit and sued out the garnishment knowing that he did so wrongfully 'and with the purpose and intent to disturb, annoy, and harass plaintiff.'

"These averments clearly import that the garnishment was not only wrongfully sued out, but was sued out without probable cause * * *."

In his "Amended Count III," the plaintiff avers that at the time the writ of garnishment was issued, no valid judgment existed against him in behalf of defendant, Household Finance, in the General Sessions Court of Mobile County, and that defendant "knowingly, willfully, intentionally or maliciously procured said writ of garnishment to be issued and levied upon the plaintiff's wages, for the purpose of extorting from him money * * *." Under our authorities, these averments import that the writ of garnishment was sued out without probable cause.

Thus, plaintiff's "Amended Count III" sufficiently alleges a cause of action for abuse of process, and the judgment of the trial court must be reversed and remanded.

■ Defendant, however, insists that we may take judicial notice of the records of

the Court of Civil Appeals, which would reveal that the original judgment was not "appealed" from the General Sessions Court to the Circuit Court but that a "common law writ of certiorari" was prayed for and issued. No cases are cited for this proposition, nor are we aware of any to this effect. The case at bar is before us on the pleadings alone, and it is on that basis that our decision is based. Since the allegation is that the original action was "appealed," this is a matter to be determined by the trier of fact on the trial of this cause.

As we view plaintiff's "Amended Count III" to be sufficient against the demurrers interposed, the judgment of the trial court in sustaining the demurrers is due to be reversed.

Reversed and remanded.

COLEMAN, McCALL, FAULKNER and JONES, JJ., concur.