PARKER SUPPLY COMPANY, INC., and Owen P. Parker, Jr., Plaintiffs-Appellants,

v.

The TRAVELERS INDEMNITY CO., a corporation, and Charter Oak Fire Insurance Company, Defendants-Appellees.

No. 78–1990
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

Douglas P. Corretti, Samuel Maples, Birmingham, Ala., for plaintiffs-appellants.

Bradley, Arant, Rose & White, Walter J. Sears, III, John H. Morrow, Birmingham, Ala., for defendants-appellees.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

This diversity case involves a controversy between an insured and its insurers concerning whether the contracts of insurance required the insurers to defend in a suit against the insured and indemnify the insured for the judgment obtained by the plaintiff in that suit. The insured, Parker Supply Company, Inc. (Parker), contends that the insurers were obligated to conduct a defense in its behalf and pay the judgment against it under the policies' coverage of malicious prosecution judgments against the insured. The insurers maintain, as they have since the time the claim was filed and denied, that the cause of action against Parker was not one for malicious prosecution and that, therefore, the policies did not provide coverage. The appellant-insured's action for breach of the insurance policy was initially filed in Alabama state court against the Travelers Indemnity Company (Travelers) only, but was removed at that appellee-insurer's instance, to the District Court for the Northern District of Alabama where the Charter Oak Fire Insurance Company was added as a defendant. Thereafter, the insurance companies filed motions for summary judgment, and Parker filed a cross-motion for the same. After considering the pleadings, exhibits, oral arguments and legal memoranda submitted

by the parties on the motion, the district court concluded that the underlying facts were not in dispute and granted the insurance companies' motions for summary judgment. Parker contends on appeal that the district court committed reversible error in granting the motion in the insurance companies' favor because the claim against the insured was, in reality, one for malicious prosecution, a claim expressly within the coverage of the policies, so that the insurers were obligated (1) to either defend the insured or be responsible for reimbursing it for the cost of the defense, and (2) to pay the judgment obtained against the insured in the action. We find no merit in the appellant-insured's contentions and affirm the decision of the district court.

The instant dispute was predicated on the following chain of events. In 1974, Parker filed a state court action in assumpsit against Joseph Cotten, et al., seeking an attachment and writ of garnishment on the ground that Mr. Cotten was about to or had fraudulently disposed of his property. The court found against Parker on this issue. Both Cotten and his wife subsequently instituted suit against Parker alleging that it "did wrongfully garnishee [their] money and assets." At this point Parker notified Travelers of the complaint and requested a defense, but Travelers refused, declining to defend on the ground that the policy did not provide coverage. Travelers added in its reply that Parker was free to call upon them for reconsideration if an amendment was filed that Parker felt was covered under the policy. During the ensuing trial, Cotten amended his complaint against Parker by adding the following paragraphs:

5a. Plaintiff avers that the defendant, Parker Supply Company, Inc. wrongfully, maliciously, and vexatiously caused to be issued out of the Circuit Court of Jefferson County, Alabama . . . a Writ of Garnishment against moneys of the plaintiff. . . .

· · · · ·

5b. Plaintiff further avers that the defendant, Parker Supply Company, Inc., did abuse the processes of the Court in an attempt to extort moneys from plaintiff . . . by issuing excessive attachments and garnishments against the plaintiff. . . .

Parker did not immediately notify Travelers of this amendment. The court charged the jury on wrongful attachment, wrongful garnishment and abuse of process, but no specific instruction on malicious prosecution was either requested or given. The jury returned a $5,000 verdict against Parker, accompanied by the following notations:

1. We feel the defendant had sufficient reason to serve attachments and garnishments;

2. We feel the defendant caused the court to sue out writs excessively;

3. We feel the defendant abused the process of the court unnecessarily.

Record at 52. Parker paid the judgment, court costs and attorneys fees, and then notified Travelers of the trial amendment and the resulting verdict. Again, Travelers refused coverage.

The burden of proving policy coverage in Alabama rests with the insured. *Coastal Plains Feeders, Inc. v. Hartford Fire Insurance Co.,* 545 F.2d 448 (5th Cir. 1977).[1] Alabama follows the rule that ambiguous language in an insurance policy is to be construed against the insurer, but when the language is clear and unambiguous it must be construed as it reads. *See Burton v. State Farm Fire and Casualty Co.,* 533 F.2d 177 (5th Cir. 1976). Since the differences between actions for malicious prosecution, abuse of process, and wrongful attachment or garnishment are recognized in Alabama, *see Tarver v. Household Finance Corp.,* 291 Ala. 25, 277 So.2d 330 (1973); *Allison-Russell-Withington Co. v. Sommers,* 219 Ala. 33, 121 So. 42 (1929), the policies' reference to the offense of "mali-

---

1. The rule of *Erie Ry. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires that the burden of proof in diversity cases be allocated according to state law. *Palmer v. Hoffman,* 318 U.S. 109, 117, 63 S.Ct. 477, 87 L.Ed. 645 (1943); *Benavides v. Mutual Life Ins. Co.,* 516 F.2d 393, 400 (5th Cir. 1975).

cious prosecution" was not ambiguous and only a suit against Parker for that offense would have created an obligation for the insurers to defend and indemnify. A successful malicious prosecution claim under Alabama law requires the averment and proof of five elements: (1) a judicial proceeding brought by the defendant; (2) without probable cause; (3) with malice on the part of the defendant; (4) termination of the judicial proceedings in favor of the defendant; and (5) damages. *Birwood Paper Co. v. Damsky,* 285 Ala. 127, 229 So.2d 514, 521 (1969); *King v. Farrell,* 55 Ala. App. 147, 314 So.2d 68 (1975). The original complaint against Parker only stated an action for wrongful garnishment, and it appears that Cotten's amended complaint stated an action for abuse of process rather than for malicious prosecution. *See Traver v. Household Finance Corp.,* 291 Ala. 25, 277 So.2d 330 (1973).[2] On the basis of the undisputed facts as stated heretofore and Alabama law as applied to those facts, we can find no error in the district court's determination that Parker, as a matter of law, had not carried its burden of proof in showing its claim to be within the policies' coverage of malicious prosecution judgments against the insured. Since no coverage existed under the policy, the insurance companies are obligated for neither the judgment obtained against the insured nor the costs of the insured's defense in that action. *Alabama Farm Bureau Mutual Casualty Ins. Co. v. Moore,* Ala., 349 So.2d 1113 (1977). We, therefore, uphold the grants of summary judgments in the appellees' favor.

AFFIRMED.

---

**2.** The special answers made by the jury in their verdict make it clear that the general verdict was not predicated upon a finding of malicious prosecution but more nearly upon abuse of process.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.