Shelley O. Duncan filed suit against Michael I. Kent, Carl E. Maye, Thomas S. Melton and Guy F. Gunter, III (lawyers), and Morris T. Acreman claiming abuse of process in connection with the prosecution of a suit by Acreman against Duncan in which Acreman was represented by the lawyer defendants.
Defendants' motion for summary judgment, supported by the affidavit of Michael Kent, was granted; hence, this appeal.
Because Plaintiff relies upon his complaint and the affidavits attached thereto in opposition to Defendants' motion, an examination of the complaint and the counter-affidavits is essential to the disposition of the single issue presented: Whether the pleadings and affidavits raise a genuine issue of material fact.
On February 18, 1974, Michael Kent, as attorney for Acreman (and a member of the law firm of Maye, Melton, Kent Gunter), filed suit against Phillip Duncan, alleging that Acreman was injured in an automobile accident caused by the negligence of Phillip Duncan.
On May 1, 1974, Kent amended Acreman's complaint by adding Shelley Duncan as a party defendant, alleging that Phillip Duncan was the son of Shelley Duncan; that Shelley Duncan entered into an agreement with Acreman to pay the expenses and damages incurred by Acreman as a result of Phillip Duncan's negligence. Appellant says the act of Kent and Acreman in amending the lawsuit to add Shelley Duncan as a party defendant was malicious, wrongful, and without probable cause. *Page 289 
By affidavit attached to his complaint, Shelley Duncan denies being personally served with a copy of the complaint making him a party defendant to the Acreman lawsuit.
Plaintiff contends it was a perversion of process to make him a party defendant in the lawsuit by Acreman because the contract made the basis of the suit was not in writing, and thus was void as violative of the Statute of Frauds. In furtherance of this contention, Plaintiff alleges that default judgment was entered against Duncan in the suit brought by Acreman on December 13, 1974; that Acreman proved damages and judgment was entered in the amount of $2,236.70; that a writ of execution was issued to enforce the judgment against Duncan on July 25, 1977; and that later Duncan's automobile was seized. Plaintiff also alleges that taking the default judgment on December 13, 1974, was a perversion of process, and Kent's refusal to "drop" the writ of execution against Duncan was willful, intentional, and wanton.
Affidavits on behalf of Plaintiff's claim disclose:
Shelley Duncan, in addition to denying receipt of service of a copy of the complaint in the lawsuit against him by Acreman, also testified that he never entered into a written agreement with Acreman to pay the expenses and damages suffered by Acreman as a result of the accident involving Acreman and Phillip Duncan.
Danny Tilley testified that he is deputy sheriff of Etowah County, Alabama. He says that one Ronnie Cox was a process server for the Etowah County Sheriff's Department in 1974, and he succeeded Cox as a process server. He says that he found a number of papers in Cox's car which had allegedly been served by Cox, when in fact no service had been perfected. (He does not identify the Acreman suit as one of those not served.)
Bill Willis testified that he is employed in the Security Department of Republic Steel Corporation, and he is a qualified deputy sheriff authorized to serve summonses and complaints on employees of Republic Steel Corporation. He says that he can find no record reflecting service of any summons and complaint on Shelley Duncan during the month of May, 1974. Willis has no knowledge of whether Duncan was served at some place other than Republic Steel Corporation.
The Defendant Kent's affidavit is the only evidence in support of Defendants' Motion for summary judgment. Kent testified that he is an attorney practicing in Opelika, Alabama. Acreman employed Kent in February of 1974 to recover damages he sustained in an automobile accident with Phillip Duncan. Kent filed suit against Phillip Duncan in the Circuit Court of Lee County, Alabama, on February 18, 1974. On May 1, 1974, Kent amended the complaint, adding Shelley Duncan as a party defendant — stating a cause of action against Shelley Duncan in contract — and alleged that Shelley Duncan entered into an agreement to pay the damages sustained by Acreman in his accident with Phillip Duncan. The sheriff's return shows that personal service was perfected on Shelley Duncan on May 14, 1974.
Shelley Duncan made no appearance in the lawsuit, and default judgment was taken on December 13, 1974. Kent appeared with Acreman in the Circuit Court of Lee County, Alabama, and proved damages in the amount of $2,236.70; and judgment was entered in Acreman's favor in the amount of $2,236.70.
On July 25, 1977, execution issued out of the Circuit Court of Lee County to seize property of Shelley Duncan to satisfy the default judgment against him. The return on the writ of execution reflects that property belonging to Shelley Duncan was seized pursuant to the execution on July 26, 1977.
Shelley Duncan filed a motion to set aside the default judgment against him on November 18, 1977, and this motion was denied on December 2, 1977. Duncan filed a motion to reconsider this order which was denied on January 27, 1978. On appeal, the Court of Civil Appeals affirmed the order *Page 290 
of the trial court denying the motion to set aside the default judgment, and ordered Duncan to pay the judgment plus ten percent damages, interest, and costs of appeal.
Kent testified that Duncan was made a party to Acreman's lawsuit because of his contractual obligations to pay the damages suffered by Acreman in the automobile accident. Default judgment was properly entered against Duncan when he failed to appear, and execution was issued to enforce the judgment.
Abuse of process implies the malicious and wrongful use of process regularly and rightfully issued; it is the malicious perversion of a regularly issued process to accomplish a purpose whereby a result not lawfully or properly obtainable under it is secured. Dickerson v. Schwabacher, 177 Ala. 371,58 So. 986 (1912). To maintain an action for abuse of process, existence of ulterior purpose must be proved. Clikos v. Long,231 Ala. 424, 165 So. 394 (1936); see, also, Dillon v. Nix,55 Ala. App. 611, 318 So.2d 308 (1975). For example, a party who uses the worthless check act for debt collecting purposes may be subject to a suit for abuse of process. Tolbert v. State,294 Ala. 738, 321 So.2d 227 (1975); see, also, Hotel Supply Co.v. Reed, 16 Ala. App. 563, 80 So. 137 (1918). Similarly, if an attachment plaintiff, knowing there is due a certain sum, and, with such knowledge and for an ulterior purpose of injuring the defendant, makes out an affidavit for a much larger amount, his action would amount to an abuse of process. See Clikos v. Long, supra.
1 Am.Jur.2d Abuse of Process, § 13 states:
 ". . . If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse. . . . However, if the suit is brought, not to recover on the cause of action stated in the complaint, but for a collateral purpose, there is an abuse of process."
Appellant in the present case admits that it is his theory that Appellees committed an abuse of process by filing a lawsuit against Appellant when Appellant had a valid Statute of Frauds defense. As the foregoing discussion shows, the action of Appellees in the prosecution of their damage and contract claims does not amount to an abuse of process. The lawsuit was confined to its regular and legitimate function in relation to the cause of action stated in the complaint. The lawsuit was not brought for some ulterior or collateral purpose.
Simply put, this action is nothing more than an attempt to collaterally attack a final valid judgment in which all rights of appeal have been exhausted. It is well settled that a judgment of a court which has jurisdiction of the subject matter and parties and possesses the power to render the particular judgment is immune from collateral attack. Jordan v.Guaranty Pest Control, Inc., 292 Ala. 601, 298 So.2d 244
(1974). There is no genuine issue of material fact raised by the pleadings and proof. A purely legal question has been answered correctly by the trial Court's order granting Defendants' motion for a summary judgment.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.