Billy Joe Tapscott and Jerry Tapscott, plaintiffs/appellants in this case, were two of nine defendants against whom the circuit court for Morgan County, on behalf of numerous landowners, entered an injunction to restrain them from continuing their allegedly illegal deer hunting activities. The Tapscotts appealed to this Court and this Court reversed the circuit court in Anders v. Fowler, 423 So.2d 838 (Ala. 1982), because the circuit court did not require the plaintiffs to post security for costs as mandated by Rule 65 (c), Ala.R.Civ.P. The Tapscotts, having prevailed here, then filed an action for malicious prosecution, abuse of process, and conspiracy against the parties obtaining the injunction. The circuit court granted the defendants' motion to dismiss on the ground that the Tapscotts had failed to state a claim upon which relief could be granted. This appeal followed.
 I
The Tapscotts contend in this appeal that their complaint sufficiently states a valid cause of action, thereby making a *Page 118 
motion to dismiss inappropriate. As the Tapscotts correctly state, the elements of a cause of action for malicious prosecution which must appear in the complaint are: (1) a judicial proceeding initiated by the defendant(s), (2) want of probable cause, (3) malice on the part of the defendant(s), (4) termination of the judicial proceedings favorably to the plaintiff(s), and (5) damages. Alabama Power Co. v. Neighbors,402 So.2d 958, 962 (Ala. 1981); accord Boothby Realty Co. v.Haygood, 269 Ala. 549, 553, 114 So.2d 555, 558 (1959). The Tapscotts assert that the complaint alleges each of these elements in general terms.
The appellees argue, however, that two essential elements of the cause of action for malicious prosecution are absent in this case, namely, want of probable cause and termination of the proceedings favorably to the plaintiffs.
In the case of Boothby Realty Co., supra, this Court stated and adopted the majority rule as to the probable cause element in malicious prosecution actions: "[U]nless a judgment or decree in prior civil proceedings against the malicious prosecution plaintiff was obtained by fraud, perjury or other improper means, the judgment or decree establishes or showsconclusively the existence of probable cause for bringing the former action even though it was subsequently set aside. . . ." (Emphasis added.) 269 Ala. at 554, 114 So.2d at 560. The Tapscotts maintain, however, that the conclusive presumption rule adopted by this Court in Boothby Realty Co., supra, should not be applied here because the complaint in this case alleges that the injunction was obtained as a result of a conspiracy. Furthermore, the Tapscotts urge this Court not to extend the conclusive presumption rule, which is applied in cases involving a civil judgment, to orders which issue preliminary injunctions. The Tapscotts state that "[i]f an order issuing a preliminary injunction is a conclusive presumption of probable cause for its issuance, one who is damaged by the wrongful issuance of an injunction where no bond is posted, or the amount of bond is inadequate, is effectively deprived of any remedy."
We first address the Tapscotts' insistence that the conclusive presumption rule should not be applied in cases of preliminary injunctions. We will discuss in Section III the Tapscotts' contention that because the complaint alleges conspiracy, the conclusive presumption of probable cause is inapplicable in this case.
Regarding the Tapscott's contention that injunction cases should be treated differently, we cannot conclude that there is a legal and just reason for treating injunctive actions differently from other civil actions. But assuming there was a difference, the Tapscotts prevailed initially because of the fact the circuit court, upon issuing the injunction, failed to require that security be given by the plaintiffs as required by Rule 65 (c). Furthermore, the propriety of refusing or granting an injunction is discretionary with the trial court. See, e.g.,Alabama Ed. Assn. v. University of Alabama, 374 So.2d 258, 260
(Ala. 1979). In short, the circuit court's failure to require security for the injunction's issuance was an error of law by the court for which we reversed, and is in no manner related to the relevancy of probable cause or whether the appellees were, or were not, deserving and entitled to an injunction at the time they filed a complaint seeking such relief. In Jordan v.Empiregas Inc. of Belle Mina, 337 So.2d 732 (Ala. 1976), we stated:
 "When it comes to a determination of the existence of probable cause, an erroneous lower court decree based on an improper interpretation of law, under the facts and law involved in this case, should not be afforded a different status than that given an erroneous finding of facts by an inferior court, as occurred in Boothby Realty Co. [supra]."
337 So.2d at 735.
While we have held that this presumption does not apply to a judgment which was obtained by ". . . fraud, perjury, or other means . . ." we do not perceive the facts as alleged in the Tapscotts' complaint to be sufficient to cloud the otherwise conclusive presumption of probable cause. *Page 119 
Hence, we see no reason to discuss whether this Court's reversal of the circuit court in Anders v. Fowler, supra, constituted a termination of judicial proceedings favorable to the Tapscotts.
 II
The Tapscotts next insist that their complaint alleges a cause of action for an abuse of process. A cause of action for an abuse of process is distinguished from one for malicious prosecution in that the former rests upon the improper use of a regularly issued process, while the latter has reference to the wrong in the issuance of the process. Clikos v. Long, 231 Ala. 424,426, 165 So. 394, 396 (1936). Essential elements of a cause of action for abuse of process include (1) malice, (2) the existence of an ulterior purpose, and (3) an act in the use of process not proper in the regular prosecution of the proceedings. See Clikos v. Long, supra, 231 Ala. at 428,165 So. at 397; see also Duncan v. Kent, 370 So.2d 288, 290 (Ala. 1979). Like an action for malicious prosecution, this Court has stated that want of probable cause is an element of a cause of action for abuse of process which must be averred and proved.Tarver v. Household Finance Corp., 291 Ala. 25, 26,277 So.2d 330, 333-334 (1973).
With regard to the cause of action for abuse of process, the Tapscotts' complaint fails to allege that the injunction sought was brought for any ulterior or collateral purpose. See Duncanv. Kent, 370 So.2d 288, 290 (Ala. 1979). Moreover, because there is a conclusive presumption of probable cause under the facts of this case as noted earlier, the complaint is also deficient as to this cause of action for abuse of process.
 III
Conspiracy is the final allegation appearing in the Tapscotts' complaint. As the appellees' note, the gist of an action in civil conspiracy is not the conspiracy alleged, but the wrong committed. Snyder v. Faget, 295 Ala. 197, 201,326 So.2d 113, 116 (1976); O'Dell v. State, 270 Ala. 236, 240,117 So.2d 164, 168 (1959). Although a great quantum of detail need not be alleged, because of the general latitude permitted in pleading the formation and existence of a conspiracy, O'Dell v.State, supra, 270 Ala. at 240-241, 117 So.2d at 168, this Court held that "[t]o support the action of conspiracy to prosecute a suit or proceeding maliciously, all facts necessary to support an action for malicious prosecution must be shown, including want of probable cause. . . ." Gaines v. Malone, 244 Ala. 490,492, 13 So.2d 870, 872 (1943).
Because the element of probable cause was lacking as to the causes of action for both malicious prosecution and abuse of process, accordingly, the Tapscotts' complaint fails to state a cause of action for conspiracy for the same reason we discussed earlier.
 IV
We conclude that dismissal by the circuit court under Rule 12 (b)(6), Ala.R.Civ.P., was proper because it is evident under the facts presented that the Tapscotts have no claim upon which relief can be granted according to a cognizable theory of law.See Weeks v. East Ala. Water, Sewer and Fire Protection Dist.,401 So.2d 26, 28 (Ala. 1981). Consequently, the judgment of the circuit court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur. *Page 120