This is an appeal from a judgment based on a directed verdict in favor of the defendants, John M. Kelly and Union Bank, on William T. Chapman's complaint alleging tortious interference with business relations. Chapman alleges that Kelly and Union Bank interfered with his business by informing Chapman's clients and/or prospective clients that title insurance policies prepared by him were unacceptable to Union Bank and would not be recognized there when Union Bank was lending money for the purchase of property.
In granting the motion for directed verdict, the trial court stated:
 "Upon a trial of this case the Court denied the Defendants' Motion for Directed Verdict made both at the close of the evidence and when the Plaintiff rested his case. The case was submitted to the jury and a mistrial resulted. Upon a more deliberate consideration of the evidence the Court is of the opinion that under the holdings of Gross v. Lowder Realty Better Homes Gardens, 494 So.2d 590 [(Ala. 1986),] and Hickman v. Winston County Hospital Board, 508 So.2d 237 [(Ala. 1987)], Plaintiff failed to make a prima facie case in that all the transactions involved were applications for mortgagee title insurance in which the Defendant Union Bank was the beneficiary of the policies and the Defendant *Page 161 
Kelly was acting as a corporate officer of the Defendant Union Bank within the general range of his authority as a corporate officer.
 "It is therefore Ordered, Adjudged and Decreed by the Court that the directed verdict moved for by the Defendants is hereby granted and judgment is entered for the Defendants, with costs taxed to the Plaintiff for the collection of which let execution issue." (C.R. 187-88).
For the reasons set forth below, we are of the opinion that the trial judge did not err in directing the verdict.
In Gross v. Lowder Realty Better Homes Gardens,494 So.2d 590 (Ala. 1986), we stated:
 "[The] tort of intentional interference with business or contractual relations, to be actionable, requires:
 "(1) The existence of a contract or business relation;
 "(2) Defendant's knowledge of the contract or business relation;
 "(3) Intentional interference by the defendant with the contract or business relation;
 "(4) Absence of justification for the defendant's interference;[1] and
 "(5) Damage to the plaintiff as a result of defendant's interference." (Footnotes omitted.)
Id. at 597.
Although plaintiff may or may not have proved elements 1, 2, 3, and 5 of the tort of interference with a contract or business relation, Union Bank, as the named insured on the title policies, was justified in making whatever selection of attorney or attorneys it wished to perform title work on property for which it loaned money. Union Bank, like anyone else, is entitled to choose with whom it will do business. SeeHouse of Materials, Inc. v. Simplicity Pattern Co.,298 F.2d 867, 872 (2d Cir. 1962).
It is not disputed that when Union Bank lends money for someone to purchase property, Union Bank is the named insured on the title policy issued. This protects the Bank against undetected defects in the title. Therefore, it is not only reasonable, but prudent as well, that Union Bank should have the right to select who does its title work. In fact, it is not uncommon for banks to have lists of approved attorneys whose work they accept with regard to these matters.
In the case at hand, Union Bank was attending to its own business of seeing that it had good title to properties it took as security for loans. Therefore, Union Bank can hardly be considered an intermeddler as to the title policies at issue. It follows, then, that because Union Bank was not an intermeddler, its input into whether Chapman's work would be accepted cannot be deemed to be interference with the contract or business relations of another. Union Bank simply exercised its right to select the persons with whom it would maintain a business relationship. Because Union Bank was justified in making its own selection of attorneys to handle its title policies, the trial judge did not err in directing a verdict in this case.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
[1] The defendant has the burden of proving justification after plaintiff proves his prima facie case.