554 So.2d 962 (1989)
Walter D. CAINE, Jr.
v.
The AMERICAN LIFE ASSURANCE CORPORATION.
88-330.
Supreme Court of Alabama.
September 22, 1989.
Rehearing Denied December 15, 1989.
*963 Lawrence J. Hallett, Jr. and William H. Harris, Mobile, for appellant.
Robert S. Edington and Selma L.D. Smith, Mobile, for appellee.
ADAMS, Justice.
This appeal is from a summary judgment in favor of the plaintiff, American Life Assurance Corporation (hereinafter "American"), on defendant Walter D. Caine, Jr.'s counterclaim alleging intentional interference with business relations and abuse of process. We affirm.
On September 18, 1986, American filed a complaint seeking an injunction; it sought a temporary restraining order and requested a preliminary injunction to restrain Caine and The Equitable Life Assurance Society of the United States (hereinafter "Equitable") from engaging in deception and certain unfair trade practices. American contended that Caine was coercing Mobile County school board employees who were clients of American to transfer their tax sheltered annuity accounts to Equitable.
Because of the large number of Mobile County school board employees requesting transfers, American suffered a serious loss of business. Consequently, it hired investigators to deliver the transfer checks to the annuitants and to take statements as to why they were transferring their accounts to Equitable. American discovered that in every transfer, Walter Caine was the Equitable agent.
In his deposition, Caine admitted that he had obtained a list of school board employees who were American's clients by rummaging through a garbage dumpster at the school board's bank. He found a computer printout with each teacher's name, along with certain codes, and matched the printout with carbon slips from each teacher's paycheck, found in the same dumpster, in order to identify the company with which each teacher had his or her annuity.
American wrote to all its annuitants who had pending transfers to inform them of American's litigation against Caine. Caine argued that the letters contained misrepresentations and were designed to prevent the annuitants from concluding their transfers.
On September 19, 1986, the trial court denied the request for a temporary restraining order. On September 29, 1986, the trial court heard American's request for a preliminary injunction. The request was denied in accordance with a voluntary agreement entered into by the parties. The agreement provided that Caine would not initiate any contacts with existing holders of annuities issued by American, and *964 that he would not discuss the assets or the rating of American with existing holders.
On March 27, 1987, this agreement was voided by the circuit court upon a motion by Caine. The motion alleged, among other things, that American was making certain misrepresentations about Caine's business practices.
On April 30, 1987, American amended its complaint by adding a count charging Caine and Equitable with intentional interference with its business contracts. On May 7, 1987, Caine filed a counterclaim against American, alleging that American had intentionally interfered with the business relationship existing between Caine and American's former annuitants and also alleging an abuse of process.
On August 31, 1988, American filed a motion for summary judgment as to Caine's counterclaim. On November 7, 1988, the trial court granted that motion. The judgment was made final pursuant to Rule 54(b), A.R.Civ.P.; Caine appeals.

I.
A prima facie case of intentional interference with business or contractual relations requires proof of the following elements: (1) existence of a contract or business relation; (2) defendant's knowledge of the contract or business relation; (3) intentional interference by the defendant with the contract or business relation; (4) absence of justification for the defendant's interference; and (5) damage to the plaintiff as a result of defendant's interference. Lowder Realty, Inc. v. Odom, 495 So.2d 23, 25 (Ala.1986); Gross v. Lowder Realty Better Homes & Gardens, 494 So.2d 590, 597 (Ala.1986). Justification is an affirmative defense to be pleaded and proved by the defendant. Chapman v. Kelly, 544 So.2d 160 (Ala.1989).
In Bosarge v. Bankers Life Co., 541 So.2d 499 (Ala.1989), a former insurance agent brought an action against Bankers Life, alleging breach of contract and intentional interference with business relations. The agent's contract with Bankers Life had been terminated when he recommended to one of his clients that he replace his Bankers Life coverage with that of a competitor.
The agent contended that Bankers Life had sent letters to his clients notifying them that he was no longer an agent for Bankers Life. The agent argued that the actions of Bankers Life constituted interference with his business relations.
We affirmed a summary judgment for Bankers Life on the agent's claim alleging intentional interference with business relations. After noting that some of the alleged interference by Bankers Life was within the realm of its authority, we stated:
"It is probable that Bankers Life was concerned that Bosarge would continue to have clients switch to other insurance companies and, therefore, that it set out to protect its interests."
541 So.2d at 501.
We are of the opinion that in the present case American was justified in its actions, as a matter of law, and that the trial court correctly entered the summary judgment on Caine's counterclaim alleging intentional interference with business relations.
American had suffered a serious loss of business of approximately $450,000 from annuity transfers to Equitable. American had a duty to protect its shareholders, assets, and reputation by investigating these transfers. American could reasonably have been concerned that Caine would continue to have its clients switch to Equitable. Therefore, it was not unreasonable for American to act to protect its interests.
Whether the defendant is justified in his interference is generally a question to be resolved by the trier of fact. Polytec, Inc. v. Utah Foam Products, Inc., 439 So.2d 683 (Ala.1983). However, under the facts of this case, the evidence is clear that American was justified in its interference as a matter of law. Because American was justified in its interference, the trial judge did not err in entering the summary judgment as to Caine's claim of intentional interference with business relations.

*965 II.
Caine also argues that summary judgment was improper on his claim alleging abuse of process. Caine contends that American had filed its action for injunctive relief for the ulterior purpose of discouraging annuitants from transferring their annuities to Equitable.
Abuse of process implies the malicious and wrongful use of process regularly and rightfully issued; it is the malicious perversion of a regularly issued process to accomplish a purpose whereby a result not lawfully or properly obtainable under it is secured. Duncan v. Kent, 370 So.2d 288 (Ala.1979); Dickerson v. Schwabacher, 177 Ala. 371, 58 So. 986 (1912). In order to recover on a claim for abuse of process, Caine must prove: (1) malice, (2) the existence of an ulterior purpose, (3) an act in the use of process not proper in the regular prosecution of the proceedings, and (4) want of probable cause. Higgins v. Wal-Mart Stores, Inc., 512 So.2d 766, 768 (Ala. 1987). Furthermore, 1 Am.Jur.2d Abuse of Process § 13 (1962) states:
"If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse...."
See also Dempsey v. Denman, 442 So.2d 63 (Ala.1983).
Caine has failed to state a claim for abuse of process. Want of probable cause is one of the elements that must be proved in order to recover for abuse of process. Tapscott v. Fowler, 437 So.2d 116, 119 (Ala.1983); Tarver v. Household Finance Corp., 291 Ala. 25, 26, 277 So.2d 330, 333-34 (1973). After reviewing the record, we cannot say that American lacked probable cause to institute an action for the temporary restraining order and injunctive relief.
For the foregoing reasons, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
JONES, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
MADDOX, J., concurs in the result.
HORNSBY, C.J., concurs in part and dissents in part.
HORNSBY, Chief Justice (concurring in part and dissenting in part).
I agree that the summary judgment was properly entered on Caine's counterclaim alleging intentional interference with business relations. However, I disagree with the conclusion that the summary judgment was proper on the counterclaim alleging abuse of process. In Warwick Development Co. v. GV Corp., 469 So.2d 1270 (Ala.1985), the Court, sitting en banc, clearly established that "an abuse of process action `presupposes an originally valid and regular process, duly and properly issued, and [that] the validity of the process is no defense to an action for its abuse.'" (Citations omitted.) "[I]n an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause or in the course of a proceeding begun without probable cause." W. Keeton, Prosser and Keeton on Torts, § 121 (5th ed.1984). While the ultimate resolution of the claim for abuse of process in Warwick was made by a sharply divided Court, the dissent did not focus upon the holding that the validity of the process is not a defense to an action for its abuse. Rather, the dissent focused on the belief that there was "no improper use of the process in the regular conduct of the proceeding." Id. at 1277.
In 1987, the Court decided Higgins v. Wal-Mart Stores, Inc., 512 So.2d 766 (Ala. 1987). In Higgins, the Court stated the elements of an action for an abuse of process and included in those elements the want of probable cause. The authority for holding that want of probable cause was an element was Tarver v. Household Finance Corp., 291 Ala. 25, 277 So.2d 330 (1973). However, the rule of Tarver obviously had been implicitly overruled by the 1985 holding in Warwick.[1]
*966 In 1988, the Court decided Eidson v. Olin Corp., 527 So.2d 1283 (Ala.1988). In Eidson, a summary judgment was entered on the plaintiff's claims for malicious prosecution and abuse of process. We affirmed the judgment on the malicious prosecution claim, based upon the existence of probable cause, but affirmed the judgment on the abuse of process claim, based upon the lack of evidence of wrongful use of the process, citing Warwick. Obviously, the existence of probable cause was not a sufficient reason for affirming the judgment on the abuse of process claim.
As noted in Warwick, the classic example of the abuse of process is when criminal proceedings are started for the purpose of collecting a civil debt. Id. at 1275. For example, if a bad check is issued in exchange for goods, there is probable cause for criminal proceedings to be instituted. See Code 1975, § 13A-9-13.1. But if that is done simply to collect the debt, that is abuse of process. The fact that there is probable cause to institute criminal proceedings is not a defense to the abuse of process claim.
In this case, neither party cited this Court to our holding in Warwick. Apparently, Warwick was not advanced at trial as grounds for denying summary judgment on the basis that the existence of probable cause was not a defense. While I have great difficulty in seeing how Caine could prevail on the merits on an abuse of process claim under these facts, the only question presented here is whether the existence of probable cause is a bar to pursuing that claim. I believe Warwick correctly states the law in most jurisdictions and the law in Alabama, and therefore, that the existence of probable cause in and of itself is not a defense to this action.
Therefore, I reluctantly dissent from the affirmance of the summary judgment based upon the existence of probable cause. I would remand the case to the trial court for a determination of whether there was an ulterior purpose in filing this action and a willful act in the use of the process not proper in the regular conduct of the proceeding. I reiterate that I do not believe that the plaintiff would be able to make such a showing; however, that question is not before this Court at this time.
NOTES
[1] Higgins was concerned with whether a summary judgment was properly entered in an action claiming malicious prosecution, abuse of process, and false arrest. The question of probable cause was obviously vital to both the malicious prosecution action and the false arrest action. While there was a claim for abuse of process, the facts in Higgins made it clear that what was really in issue was whether the defendants had probable cause to believe that Higgins had committed the crime of theft of property. I also have reviewed the briefs in Higgins and have found that the plaintiff did not raise the holding in Warwick in response to the defendant's argument that the existence of probable was not a defense. Further, Wal-Mart argued in its brief to this Court that the existence of probable cause is a defense, citing Tapscott v. Fowler, 437 So.2d 116 (Ala.1983). I would also note that the decision in Higgins was made by a division of the Court, as opposed to the Court sitting en banc.