This appeal is from a summary judgment in favor of the plaintiff, American Life Assurance Corporation (hereinafter "American"), on defendant Walter D. Caine, Jr.'s counterclaim alleging intentional interference with business relations and abuse of process. We affirm.
On September 18, 1986, American filed a complaint seeking an injunction; it sought a temporary restraining order and requested a preliminary injunction to restrain Caine and The Equitable Life Assurance Society of the United States (hereinafter "Equitable") from engaging in deception and certain unfair trade practices. American contended that Caine was coercing Mobile County school board employees who were clients of American to transfer their tax sheltered annuity accounts to Equitable.
Because of the large number of Mobile County school board employees requesting transfers, American suffered a serious loss of business. Consequently, it hired investigators to deliver the transfer checks to the annuitants and to take statements as to why they were transferring their accounts to Equitable. American discovered that in every transfer, Walter Caine was the Equitable agent.
In his deposition, Caine admitted that he had obtained a list of school board employees who were American's clients by rummaging through a garbage dumpster at the school board's bank. He found a computer print-out with each teacher's name, along with certain codes, and matched the printout with carbon slips from each teacher's paycheck, found in the same dumpster, in order to identify the company with which each teacher had his or her annuity.
American wrote to all its annuitants who had pending transfers to inform them of American's litigation against Caine. Caine argued that the letters contained misrepresentations and were designed to prevent the annuitants from concluding their transfers.
On September 19, 1986, the trial court denied the request for a temporary restraining order. On September 29, 1986, the trial court heard American's request for a preliminary injunction. The request was denied in accordance with a voluntary agreement entered into by the parties. The agreement provided that Caine would not initiate any contacts with existing holders of annuities issued by American, and *Page 964 
that he would not discuss the assets or the rating of American with existing holders.
On March 27, 1987, this agreement was voided by the circuit court upon a motion by Caine. The motion alleged, among other things, that American was making certain misrepresentations about Caine's business practices.
On April 30, 1987, American amended its complaint by adding a count charging Caine and Equitable with intentional interference with its business contracts. On May 7, 1987, Caine filed a counterclaim against American, alleging that American had intentionally interfered with the business relationship existing between Caine and American's former annuitants and also alleging an abuse of process.
On August 31, 1988, American filed a motion for summary judgment as to Caine's counterclaim. On November 7, 1988, the trial court granted that motion. The judgment was made final pursuant to Rule 54(b), A.R.Civ.P.; Caine appeals.
 I.
A prima facie case of intentional interference with business or contractual relations requires proof of the following elements: (1) existence of a contract or business relation; (2) defendant's knowledge of the contract or business relation; (3) intentional interference by the defendant with the contract or business relation; (4) absence of justification for the defendant's interference; and (5) damage to the plaintiff as a result of defendant's interference. Lowder Realty, Inc. v.Odom, 495 So.2d 23, 25 (Ala. 1986); Gross v. Lowder RealtyBetter Homes Gardens, 494 So.2d 590, 597 (Ala. 1986). Justification is an affirmative defense to be pleaded and proved by the defendant. Chapman v. Kelly, 544 So.2d 160
(Ala. 1989).
In Bosarge v. Bankers Life Co., 541 So.2d 499 (Ala. 1989), a former insurance agent brought an action against Bankers Life, alleging breach of contract and intentional interference with business relations. The agent's contract with Bankers Life had been terminated when he recommended to one of his clients that he replace his Bankers Life coverage with that of a competitor.
The agent contended that Bankers Life had sent letters to his clients notifying them that he was no longer an agent for Bankers Life. The agent argued that the actions of Bankers Life constituted interference with his business relations.
We affirmed a summary judgment for Bankers Life on the agent's claim alleging intentional interference with business relations. After noting that some of the alleged interference by Bankers Life was within the realm of its authority, we stated:
 "It is probable that Bankers Life was concerned that Bosarge would continue to have clients switch to other insurance companies and, therefore, that it set out to protect its interests."
541 So.2d at 501.
We are of the opinion that in the present case American was justified in its actions, as a matter of law, and that the trial court correctly entered the summary judgment on Caine's counterclaim alleging intentional interference with business relations.
American had suffered a serious loss of business of approximately $450,000 from annuity transfers to Equitable. American had a duty to protect its shareholders, assets, and reputation by investigating these transfers. American could reasonably have been concerned that Caine would continue to have its clients switch to Equitable. Therefore, it was not unreasonable for American to act to protect its interests.
Whether the defendant is justified in his interference is generally a question to be resolved by the trier of fact.Polytec, Inc. v. Utah Foam Products, Inc., 439 So.2d 683
(Ala. 1983). However, under the facts of this case, the evidence is clear that American was justified in its interference as a matter of law. Because American was justified in its interference, the trial judge did not err in entering the summary judgment as to Caine's claim of intentional interference with business relations. *Page 965 
 II.
Caine also argues that summary judgment was improper on his claim alleging abuse of process. Caine contends that American had filed its action for injunctive relief for the ulterior purpose of discouraging annuitants from transferring their annuities to Equitable.
Abuse of process implies the malicious and wrongful use of process regularly and rightfully issued; it is the malicious perversion of a regularly issued process to accomplish a purpose whereby a result not lawfully or properly obtainable under it is secured. Duncan v. Kent, 370 So.2d 288 (Ala. 1979);Dickerson v. Schwabacher, 177 Ala. 371, 58 So. 986 (1912). In order to recover on a claim for abuse of process, Caine must prove: (1) malice, (2) the existence of an ulterior purpose, (3) an act in the use of process not proper in the regular prosecution of the proceedings, and (4) want of probable cause.Higgins v. WalMart Stores, Inc., 512 So.2d 766, 768 (Ala. 1987). Furthermore, 1 Am.Jur.2d Abuse of Process § 13 (1962) states:
 "If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse. . . ."
See also Dempsey v. Denman, 442 So.2d 63 (Ala. 1983).
Caine has failed to state a claim for abuse of process. Want of probable cause is one of the elements that must be proved in order to recover for abuse of process. Tapscott v. Fowler,437 So.2d 116, 119 (Ala. 1983); Tarver v. Household Finance Corp.,291 Ala. 25, 26, 277 So.2d 330, 333-34 (1973). After reviewing the record, we cannot say that American lacked probable cause to institute an action for the temporary restraining order and injunctive relief.
For the foregoing reasons, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
JONES, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
MADDOX, J., concurs in the result.
HORNSBY, C.J., concurs in part and dissents in part.