I agree that the summary judgment was properly entered on Caine's counterclaim alleging intentional interference with business relations. However, I disagree with the conclusion that the summary judgment was proper on the counterclaim alleging abuse of process. In Warwick Development Co. v. GVCorp., 469 So.2d 1270 (Ala. 1985), the Court, sitting en banc, clearly established that "an abuse of process action 'presupposes an originally valid and regular process, duly and properly issued, and [that] the validity of the process is no defense to an action for its abuse.' " (Citations omitted.) "[I]n an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause
or in the course of a proceeding begun without probable cause." W. Keeton, Prosser and Keeton on Torts, § 121 (5th ed. 1984). While the ultimate resolution of the claim for abuse of process in Warwick was made by a sharply divided Court, the dissent did not focus upon the holding that the validity of the process is not a defense to an action for its abuse. Rather, the dissent focused on the belief that there was "no improper use of the process in the regular conduct of the proceeding."Id. at 1277.
In 1987, the Court decided Higgins v. Wal-Mart Stores, Inc.,512 So.2d 766 (Ala. 1987). In Higgins, the Court stated the elements of an action for an abuse of process and included in those elements the want of probable cause. The authority for holding that want of probable cause was an element was Tarverv. Household Finance Corp., 291 Ala. 25, 277 So.2d 330 (1973). However, the rule of Tarver obviously had been implicitly overruled by the 1985 holding in Warwick.[1] *Page 966 
In 1988, the Court decided Eidson v. Olin Corp.,527 So.2d 1283 (Ala. 1988). In Eidson, a summary judgment was entered on the plaintiff's claims for malicious prosecution and abuse of process. We affirmed the judgment on the malicious prosecution claim, based upon the existence of probable cause, but affirmed the judgment on the abuse of process claim, based upon the lack of evidence of wrongful use of the process, citing Warwick.
Obviously, the existence of probable cause was not a sufficient reason for affirming the judgment on the abuse of process claim.
As noted in Warwick, the classic example of the abuse of process is when criminal proceedings are started for the purpose of collecting a civil debt. Id. at 1275. For example, if a bad check is issued in exchange for goods, there is probable cause for criminal proceedings to be instituted. See Code 1975, § 13A-9-13.1. But if that is done simply to collect the debt, that is abuse of process. The fact that there is probable cause to institute criminal proceedings is not a defense to the abuse of process claim.
In this case, neither party cited this Court to our holding in Warwick. Apparently, Warwick was not advanced at trial as grounds for denying summary judgment on the basis that the existence of probable cause was not a defense. While I have great difficulty in seeing how Caine could prevail on the merits on an abuse of process claim under these facts, the only question presented here is whether the existence of probable cause is a bar to pursuing that claim. I believe Warwick
correctly states the law in most jurisdictions and the law in Alabama, and therefore, that the existence of probable cause in and of itself is not a defense to this action.
Therefore, I reluctantly dissent from the affirmance of the summary judgment based upon the existence of probable cause. I would remand the case to the trial court for a determination of whether there was an ulterior purpose in filing this action and a willful act in the use of the process not proper in the regular conduct of the proceeding. I reiterate that I do not believe that the plaintiff would be able to make such a showing; however, that question is not before this Court at this time.
[1] Higgins was concerned with whether a summary judgment was properly entered in an action claiming malicious prosecution, abuse of process, and false arrest. The question of probable cause was obviously vital to both the malicious prosecution action and the false arrest action. While there was a claim for abuse of process, the facts in Higgins made it clear that what was really in issue was whether the defendants had probable cause to believe that Higgins had committed the crime of theft of property. I also have reviewed the briefs in Higgins and have found that the plaintiff did not raise the holding inWarwick in response to the defendant's argument that the existence of probable was not a defense. Further, Wal-Mart argued in its brief to this Court that the existence of probable cause is a defense, citing Tapscott v. Fowler,437 So.2d 116 (Ala. 1983). I would also note that the decision inHiggins was made by a division of the Court, as opposed to the Court sitting en banc.