# Dudley *v.* Stansberry, *et al.*

*Wrongful Garnishment.*

(Decided June 4, 1912. 59 South. 379.)

1. *Garnishment; Wrongful Garnishment.*—Where a person knowingly, willfully, or intentionally sues out a writ of garnishment, and has it levied on the wages of another for the purpose of extorting money from him with the knowledge that he does not owe the money, he is liable in an action of trespass on the case for abuse of process, since the act was done with malice.

2. *Same; Evidence.*—Where the action was against a judgment creditor for the wrongful issuance of a writ of garnishment, it was competent to show that the judgment debtor exhibited receipts showing payments of the creditors as bearing on the question whether the writ was issued knowingly, willfully or intentionally for the purpose of extorting money.

[Dudley v. Stansberry, et al.]

3. *Same; Intent.*—A person procuring the issuance of a writ of garnishment against another through an honest mistake as to his rights is not liable for an abuse of process.        ,

4. *Words and Phrases; Extortion.*—Extortion is the wrongful exaction of money under color of right; or the taking or obtaining of anything from another by means of illegal compulsion or oppressive exaction.

5. *Fraud; Presumption and Burden.*—Fraud is never presumed, but must be proven.

6. *Same; Evidence.*—Fraud being of such a nature as that it can be seldom established by direct or positive evidence, great latitude is allowed in the admission of evidence.

7. *Evidence; Parol to Vary Writing.*—Where the judgment entry recited that the defendant confessed judgment for $30, and accepted a release of all but $8.50, and that by order of plaintiff's attorney, defendant was released from all but $8.50, it was not competent to show by parol evidence that the entry did not mean what it said, and that it was only intended to release a garnishee.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by J. R. Dudley against C. L. Stansberry and others for damages for extorting money by legal process. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

The original complaint is as follows: "Plaintiff claims of defendant $10,000 as damages, and as cause of action plaintiff avers that defendant procured and had issued from the justice court of E. H. Lopez, a justice of the peace in precinct 33, Jefferson county, Alabama, a writ of garnishment on, to-wit, July 11, 1911, and had the same levied and served against the plaintiff's wages in the hands and owing the plaintiff by the Tennessee Coal, Iron & Railway Company, garnishee, under the name and style of suit in said justice court aforesaid, Dr. C. L. Stansberry, plaintiff, against J. R. Dudley, defendant, Tennessee Coal, Iron & Railway Company, garnishee; and this plaintiff avers that the defendant procured said writ of garnishment willfully, wronfully, knowingly, and maliciously, and caused

[Dudley v. Stansberry, et al.]

the same to be levied against the plaintiff's wages owing him by the said company, aforesaid, and, owing to, and as a proximate consequence of, the defendant procuring and having issued said writ of garnishment, that plaintiff was damaged in this: [Then follows catalogue of his injuries.]"

Count 2 makes the same statement of fact as count 1, with the additional allegation that at the time said writ of garnishment was served on the garnishee the garnishee was indebted to plaintiff for wages earned by the plaintiff while working with said garnishee at its request, and which wages was exempt to plaintiff, under the laws of the state of Alabama, from levy under writs of garnishment or other process for the collection of debts contracted or judgments rendered in tort; and plaintiff avers the defendant wrongfully, knowingly, and intentionally had said writ of garnishment issued and levied on plaintiff's said exempt wages; wherefore he suffered the following injuries.

Count 3 is the same as count 2, with the additional allegation that plaintiff did not owe the defendants or either of them any sum, and that defendant knowingly, willfully, or intentionally had said writ of garnishment issued and levied upon plaintiff's wages, for the purpose of extorting from him money to about the amount of $25, to plaintiff's damage, as is alleged in the other counts.

PINKEY SCOTT, for appellant. The court erred in sustaining demurrers to counts 1 and 2.—*Brown v. Master*, 104 Ala. 451; 10 L. R. A. 621; 14 L. R. A. 389. The court erred in giving the affirmative charge for the defendant.—*Shook v. Blount.*—87 Ala. 301. Counsel discuss errors relative to evidence, but without citation of authority.

PERRY & BAUMGARDNER, for appellee. The court properly sustained demurrers to the complaint.—*Mc-Leod v. McLeod,* 75 Ala. 483; *So. C. & F. Co. v. Adams,* 131 Ala. 155; *Brown v. Masters,* 16 South. 443; *Schloss. v. Rovelsky,* 107 Ala. 596; Sec. 2966, Code 1907; *Allsop v. Lidden,* 130 Ala. 555. The above argument is based on count 1 of the complaint. The court was correct in sustaining demurrers to count 2.—*McKellar v. Couch,* 34 Ala. 142; *Eslava v. Jones,* 83 Ala. 142; *Brown v. Masters, supra; Ensley Ry. v. Chewning,* 93 Ala. 26; *B. R. L. & P. Co..v. Oden,* 41 South. 132. The court properly denied the admission of the facts in evidence that the defendant displayed his receipts.—*Durr v. Jackson,* 59 Ala. 203; *Jones v. Kirksey,* 10 Ala. 893. The court properly gave the affirmative charge.—*Durr v. Jackson, supra.*

DE GRAFFENRIED, J.—If, as is alleged in the third count of the complaint, the appellant owed none of the appellees anything, and if the appellees, as alleged in the complaint, *knowingly, willfully, or intentionally* sued out a writ of garnishment and had the writ levied upon the appellant's wages, for the purpose of *extorting* from him money to the amount of $25, the law certainly furnishes the appellant with a remedy, viz., a special action of trespass on the case for such an unlawful abuse of legal process to the appellant's injury. If the appellant owed nothing to the appellees, and they procured the garnishment to issue for the purpose of *extorting* money from him, then there was an absence of probable cause and *no* grounds for procuring the writ of garnishment to issue; and, if done to "extort money" from appellant to which appellees had no right, the act was maliciously done, within the meaning of the law.—*Brown v. Master,* 104 Ala. 451, 16 South. 443.

[Dudley v. Stansberry, et al.]

"Extortion" is the wrongful exaction of money"; "an imposition under *color* of right."—Words and Phrases, Vol. 3, pp. 2622, 2623. "At common law," extortion "was any imposition by color of right."—Words and Phrases, supra. "The ordinary meaning of the word 'extortion' is the taking or obtaining of anything from another by means of illegal compulsion or oppressive exaction."— Words and Phrases, supra. So that, if the appellant owed the appellees *nothing,* and the appellees intentionally, knowingly, or willingly made use of legal process to extort money from the appellant, they made use of that process wrongfully, without probable cause, and maliciously. The count is plainly sufficient, and, if the facts alleged are proven to the satisfaction of a jury, will support a verdict and judgment.

1. There is in the record a judgment which was rendered by E. H. Lopez, a justice of the peace, against the appellant in favor of Stansberry,. one of the appellees. It appears from the justice's docket that before the rendition of the judgment a writ of garnishment had been issued in the case at the suit of Stansberry, and served upon the Tennessee Coal, Iron & Railroad Company, of which the appellant was an employee. This garnishment writ was made returnable June 7, 1911. On the 25th day of May, 1911, the judgment in favor of Stansberry was rendered by the justice against the appellant, and the following is quoted from the judgment entry: "Comes the defendant [appellant in the instant case] into open court this 25th day of May, 1911, and confesses judgment for the amount of $30 and the costs, with waiver of exemptions, and accepts a release for all but $8.50. May 25, 1911. By order of plaintiff's attorney *defendant* released for all but $8.50."

The above judgment was for $30 and the costs, and on the face of the judgment entry the true judgment

was for $8.50, *including the costs*. It is claimed by the appellees that the "release" referred to in the above judgment entry referred, not to a release of the entire judgment, except $8.50, but to a release of the garnishee from any liability under the writ of garnishment, except the $8.50. No such construction can be placed upon the language of the judgment. The judgment expressly says that the *defendant*—not the *garnishee*—"is released from *all* except $8.50." Say the appellees, "It is evident that the *release* refers to all of the wages of appellant which, through the process of garnishment, was being detained in the hands of the garnishee, except the $8.50; for, if the *release* is referred to the *judgment*, the court and the plaintiff simply stultified themselves by entering up a judgment for $30 and the costs, and then immediately reducing it to $8.50, instead of entering up a judgment for $8.50 in the first instance." When, however, the situation, as claimed by the appellant, is considered—that at the time the suit was brought against him by Stansberry he only owed Stansberry $8.50, because of previous payments on the note, and that, before the judgment was rendered, Stansberry had, by claiming that appellant owed him $30, improperly locked up in the hands of the garnishee enough of appellant's wages to pay a judgment for $30 *and the costs*—the above judgment for $30 and the costs *reduced* to $8.50 does not appear to be clothed with the absurdity which the appellees attach to it. At any rate, the judgment entry on the docket of Lopez, the justice of the peace, does not say that which appellees claim that it says, but it does say, in plain English, that which the appellant claims for it.

2. The third count of the complaint charges the appellees with using the process of a court for the purpose of fraud and oppression—for the purpose of *"extorting*

from him (appellant) money to about the amount of $25." Fraud is never presumed, but must be proven. Its nature is such "that it can seldom be established by direct or positive evidence. Generally it must be inferred from the facts and circumstances attending the particular transaction. It is the rule, therefore, that in cases of fraud great latitude is to be allowed in the admission of evidence."—14 A. & Eng. Ency. Law, p. 195, subd. 2.

"As a general rule, great latitude is allowed in the range of evidence when the question of fraud is involved. It is indispensable to truth and justice that it should be so; for it is hardly ever possible to prove fraud, except by a comprehensive and comparative view of the actions of the party to whom the fraud is imputed, and his relative position a reasonable time *before, at,* and a reasonable time *after,* the time at which the act of fraud is alleged to have been committed."— *Snodgrass v. Branch Bank,* 25 Ala. 161, 60 Am. Dec. 505.

It therefore seems, from the above, to follow as an irresistible conclusion that on the *question of fraud and oppression*—on the question as to whether the appellees in fact, through the process of a court, undertook knowingly, intentionally, or willingly to extort money from the appellant—the trial court committed an error in excluding from the jury the statement of appellant that he exhibited to one of the appellees the receipts from Stansberry, which were afterwards introduced in evidence, and that it committed reversible error in giving to the jury, at the written request of the appellees, the affirmative charge in their behalf. This charge, we presume, was given on the theory that the judgment in the court of Justice Lopez was a judgment for $30 reduced *by* $8.50, and not *to* $8.50.

3. It may be that the entries on the docket of the justice of the peace, which we have above quoted, were not intended to mean what they say. We know of no rule of *law* which, if they do not mean what they say, will authorize their contradiction, in this suit, by parol evidence. Undoubtedly the appellees and Justice *Lopez*, for several months after the judgment was rendered, treated the judgment as a judgment for $30 and costs, credited with $8.50 paid by the garnishee in June; but their authority for so treating it does not appear from the judgment itself. There was, on the 25th of May, 1911, issued to the garnishee a notice, signed by the justice, stating that the "garnishment in the above case is released for all except $8.50 by order of the plaintiff's attorney"; but this writing in no way contradicts the judgment entry, but is, in fact, such a notice as should have issued to the garnishee if the judgment is, in fact, what it purports to be—a judgment for only $8.50. However this may be, if, as the appellees contend, the justice of the peace, in entering the judgment, by mistake reduced the judgment to $8.50 without so intending it (and the subsequent proceedings in the case before Lopez, in which the appellant was represented by counsel, have some tendency to support this contention), it may be that, by an appropriate proceeding in a court of equity, the judgment can be corrected so as to make it speak the truth.

In the above opinion we have confined ourselves to a discussion of the legal principles involved, and intend, in no way, to intimate an opinion as to the sufficiency of the evidence to establish the issues of fact presented by the pleadings. Under the evidence as we construe the judgment in the case of *Stansberry v. Dudley,* upon which the writ of garnishment was issued, and the issuance and levy of which brought about this litigation,

the determination of the issues was for the jury, and not a question of law for the court. To recover in this case, the appellant must show to the satisfaction of the jury that he, as alleged in the complaint, owed no debt to appellees or to Stansberry, and that they, with the fraudulent intent to deprive him of money, procured the garnishment to issue. If, through an innocent mistake as to their rights, the appellees procured the issue and levy of the writ of garnishment, the appellant will not be entitled to recover.

It follows, from what we have above said, that, in our opinion, the judgment of the court below should be reversed, and the cause remanded for further proceedings in the court below.

Reversed and remanded.