(102 So. 149)

## SOUTHERN COTTON OIL CO. v. CURRIE.
### (3 Div. 413.)*

(Court of Appeals of Alabama. April 4, 1922. Rehearing Denied May 9, 1922.)

**1. Pleading ☞8(5)—Allegation that amount owing was in dispute statement of fact, not conclusion.**

Allegation that amount owing to plaintiff "was in dispute between them" is statement of fact, not conclusion.

**2. Accord and satisfaction ☞10(1)—Compromise and settlement ☞6(2)—Honest "dispute" affords basis of accord; "satisfaction."**

Dispute means disagreement or bona fide contention, and, if honest, affords basis of accord between parties, which law favors, and execution of which is satisfaction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dispute; Satisfaction—Satisfy.]

**3. Accord and satisfaction ☞10(1)—Compromise and settlement ☞6(2)—Payment of less than debtor is liable for not valid accord and satisfaction, in absence of bona fide dispute.**

Payment of less than debtor is liable for does not constitute valid accord and satisfaction, unless there is bona fide, though not necessarily well founded, dispute or controversy as to amount due.

**4. Compromise and settlement ☞6(2)—Refusal to pay undisputed claim creates no dispute sufficient as consideration for compromise.**

Mere refusal to pay undisputed claim creates no dispute sufficient as consideration for compromise, as that would be extortion, but there must be honest disagreement, and amount of account must be fairly in dispute.

**5. Accord and satisfaction ☞11(3)—Compromise and settlement ☞5(2)—One accepting check, reciting that it was in full of account, bound by such condition.**

One receiving check, reciting on face that it was in full of drawer's account, amount of which was in dispute, was bound by such condi-

tion, though he afterwards notified drawer, before collection, that he would accept it only in part payment of amount claimed to be due, where it did not appear that drawer agreed to such proposal.

**6. Appeal and error ☞1040(8)—Appellant not injured by sustaining of demurrers to replication merely denying plea.**

Appellant was not injured by error, if any, in sustaining demurrers to replication setting up facts amounting to mere denial of plea.

Appeal from Circuit Court, Escambia County; John D. Leigh, Judge.

Action on common counts by the Southern Cotton Oil Company against H. W. Currie. Following adverse rulings on pleading, plaintiff takes a nonsuit and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662, which see for full statement of the case.

Hamilton, Page & Caffey, of Brewton, and Steiner, Crum & Weil, of Montgomery, for appellant.

To constitute a good plea of accord and satisfaction, the defendant must allege that the dispute between the parties was bona fide, and that there must have been some reasonable ground for the controversy. 196 Ala. 368, 72 So. 23; 157 Ala. 314, 47 So. 712. The plea must aver that the check was given and accepted in satisfaction of the demand. 151 Ala. 302, 44 So. 103; 123 Ala. 572, 26 So. 490; 185 Ala. 263, 64 South. 91, Ann. Cas. 1916C, 573; 197 Ala. 449, 73 So. 22; 7 Ala. App. 282, 61 So. 33. A plea of payment by check, setting forth facts justifying the inference that the amount paid was a less sum than was admittedly due, is fatally defective. There is no consideration to support such plea. 9 Ala. App. 383, 63 So. 788; 16 Ala. App. 614, 80 So. 688. If defendant was indebted to plaintiff, and sent plain-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Received too late for publication in 18 Alabama Appeals Reports.

20 ALA.APP.—1

tiff a check for part of the amount, plaintiff, in collecting this check, was not bound to accept it in full of account, although the check so stated. 151 Ala. 302, 44 So. 103; 123 Ala. 572, 26 So. 490; 16 Ala. App. 614, 80 So. 688; 204 Ala. 593, 86 So. 386.

Leon G. Brooks, of Brewton, for appellee.

Brief of counsel did not reach Reporter.

MERRITT, J. [1-3] The demurrers to plea 4 were properly overruled. The allegation in the plea, "that the amount then owing to the plaintiff by the defendant was in dispute between them," is the statement of a fact, and not a conclusion. A dispute means a disagreement or a bona fide contention between the parties, and, if honest, it affords the basis of an accord between the parties which the law favors, the execution of which is the satisfaction. In the case of Fire Ins. Association v. Wickham, 141 U. S. 577, 12 S. Ct. 87, 35 L. Ed. 860, it is said:

"If there be a bona fide dispute as to the amount due, such dispute may be the subject of a compromise and payment of a certain sum as a satisfaction of the entire claim." Laroe v. Sugar Loaf Co., 180 N. Y. 371, 73 N. E. 61; San Juan v. St. John's Gas Co., 195 U. S. 510, 25 S. Ct. 108, 49 L. Ed. 299, 1 Ann. Cas. 796; Jackson v. Security Mutual Life Ins. Co., 233 Ill. 161, 84 N. E. 198; Mance v. Hossington, 205 N. Y. 33, 98 N. E. 203.

[4] The payment of an amount less than that for which the debtor is liable does not constitute a valid accord and satisfaction, unless there is a bona fide dispute or controversy as to the amount due by the debtor. 1 Corpus Juris, p. 554, § 74. While it is not necessary that the dispute should be well founded, it is necessary that it should be in good faith. Without an honest dispute, an agreement to take a less amount in payment of a liquidated claim is without consideration and void. A dispute cannot be raised for the mere purpose of extorting money. 1 C. J. p. 554, § 75. A person cannot create a dispute sufficient as a consideration for a compromise by a mere refusal to pay an undisputed claim. That would be extortion, and not compromise. There must be a dispute or doubt as to the right of the parties honestly entertained. De Mars v. Musser-Sauntry Land Co., 37 Minn. 418, 35 N. W. 1. There must, in fact, be a dispute, an honest disagreement, and the amount of the account fairly in dispute.

As was said in the case of Worthington v. Cleveland Lumber Co., 17 Ala. App. 613, 88 So. 156:

"While it cannot be said that the matter should be in dispute for any particular length of time, so as to say as a matter of law that the matter was in dispute, yet it is noticeable that in most, if not all, the recent cases in our jurisdiction, the matter of the overcharge has been a matter of correspondence or contention for some time before acceptance, and has been one or two times turned down before acceptance, which fact in all those cases had emphasized the conclusion that the matter was fairly in dispute."

In the case of Brackin v. Owens Horse & Mule Co., 195 Ala. 579, 71 So. 97, there was a dispute all the time as to whether the consideration for the mule was $190 or $290, and the note evidenced the entire indebtedness, and, when payment made, was accepted.

In the case of Hand Lumber Co. v. Hall, 147 Ala. 561, 41 So. 78, the facts set out in the opinion, we think, show that the controversy ranged back and forth as to the terms of the agreement, and the correctness of the different items that went to make up the balance claimed; the opinion, after setting out the facts, declaring:

"This review of the evidence has disclosed, we think, a controversy as to the amount of one item, and, further, there was serious controversy as to whether the services were not all included in the retainer, which had been paid. Nor was any item of the account liquidated. The question of law then arises whether the receipt and collection of the check, under the circumstances shown, settled plaintiff's claim in full."

[5] So, while the allegation that the amount of the account was in dispute is sufficient as a matter of pleading, if the facts should fail to show a bona fide disagreement, that the matter was fairly in dispute, then there would not be in law such a disagreement or dispute as would afford the consideration for an acceptance of less than the amount originally due. From what is said above, it may be seen that the ruling of the court in sustaining the demurrers to replication No. 2 was free from error. The plaintiff in said replication admits the receipt of the check described in plea 4, so, if he received it when the matter was in controversy, as declared above, with the condition of the delivery on the face thereof, that it was in full of his account against the defendant, then these facts worked an acceptance thereof, and on the condition named. With such facts before him, the plaintiff must have known that the tender was made on condition, and, having accepted and collected the check, was bound by the condition, even though he did afterwards notify the defendant, before the collection of the check, that he would not accept it in full settlement of the claim, but would accept it only to be applied in part payment of the amount claimed to be due by the defendant; it not appearing that the defendant agreed to such proposal by the plaintiff. Hand Lumber Co. v. Hall, supra.

[6] If there was any error in sustaining demurrers to replication 3, the plaintiff was not injured thereby, as the facts set up in the

replication amount to no more than a denial of the plea.

We find no reversible error in the ruling of the court, and the cause will be affirmed. Affirmed.