(108 So. 358)

**WILSON et al. v. SINGER SEWING MACH. CO. (4 Div. 169.)**

(Supreme Court of Alabama. April 8, 1926. Rehearing Denied May 13, 1926.)

1. **Principal and surety** ⬥33—Debt of principal is sufficient consideration for obligation of surety.

Note given to secure debt of principal admitted to be due plaintiff for funds converted or embezzled by principal is supported by consideration as to surety.

2. **Contracts** ⬥128(1).

All agreements to suppress prosecution of crime are against public policy.

3. **Contracts** ⬥128(1)—Note given in consideration of agreement to suppress prosecution of crime is void.

Note given in consideration of agreement to suppress prosecution of crime already begun, to abandon a threatened prosecution, or to conceal the crime and prevent its prosecution in due course, is void.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Contracts ⊜137(3)—If agreement to suppress prosecution of crime enters as partial consideration of note, it is vitiated for illegality.**

Note given in consideration of agreement to suppress prosecution of crime, although supported by an adequate consideration, is vitiated for illegality, if such an agreement entered as a partial consideration.

**5. Evidence ⊜419(15).**

Parol evidence that consideration for note was an agreement to suppress prosecution of crime is admissible.

**6. Contracts ⊜346(1)—Plea alleging agreement to suppress criminal prosecution was sole consideration for note is not sustained, when evidence shows it was given for lawful debt of principal.**

Plea alleging that agreement to suppress prosecution of crime was sole consideration for execution of note by surety is not sustained, when evidence shows it was given for lawful debt of principal.

**7. Contracts ⊜346(1)—Plea alleging generally that consideration of note was agreement to suppress criminal prosecution is supported by evidence that such agreement was part consideration for note.**

Plea alleging generally that consideration of note was agreement to suppress a criminal prosecution, gravamen being illegality rather than want of consideration, is supported by evidence that such agreement was part consideration for note.

**8. Contracts ⊜128(4).**

Right to sue now carries right to settle and obtain security for debt based on conversion or embezzlement of funds by debtor without becoming the actor in a criminal prosecution, in view of Code 1923, § 5691.

**9. Contracts ⊜128(4)—That sureties gave note for funds converted by brother to remove incentive for prosecution would not vitiate note, in absence of plaintiff's agreement to shirk duty to punish crime.**

That sureties on note given to secure debt of their brother for funds converted by him may have aided brother to make restitution to remove incentive for prosecution would not vitiate note, in absence of agreement committing payee to concealment or to otherwise shirk duty to punish crime.

**10. Contracts ⊜128(4)—Note given to secure debt of brother for funds converted by him held not void, where negotiations were conducted without reference to a prosecution, and no threats were made and no promises were given.**

Note given to secure debt of defendants' brother for funds converted by him *held* not void as based on agreement to suppress prosecution of crime, where negotiations were conducted without reference to a prosecution, and no threats were made and no promises were given.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Action by the Singer Sewing Machine Company against G. D. Wilson and J. D. Wilson. From a judgment for plaintiff, defendants appeal. Affirmed.

Mulkey & Mulkey, of Geneva, and Fleming & Yarbrough, of Elba, for appellants.

The consideration of the note was illegal. Moog v. Strang, 69 Ala. 98; Folmar v. Siler, 132 Ala. 303, 31 So. 719; U. S. F. & G. Co. v. Charles, 131 Ala. 658, 31 So. 558, 57 L. R. A. 212. If the note was procured under threats of imprisonment of the brother of defendants, defendants may avoid same. McCormick Harvesting Co. v. Miller, 54 Neb. 644, 74 N. W. 1061; 9 R. C. L. 727; 3 R. C. L. 1103; Hatter v. Greenlee, 1 Port. 222, 26 Am. Dec. 370.

Arrington & Arrington, of Montgomery, for appellee.

It is unnecessary that there be a consideration passing to the surety. Orman v. Scharnagel, 210 Ala. 381, 98 So. 123. The case being tried by the judge without a jury, the judgment will not be disturbed, unless plainly erroneous. Scarbrough v. Borders, 115 Ala. 436, 22 So. 180.

BOULDIN, J. The suit is upon a promissory note. The defense is conditional delivery, duress, want of consideration, and illegality of consideration.

[1] It is without dispute that the note was given to secure the debt of the principal admitted to be due the plaintiff for funds converted or embezzled by the principal. The debt of the principal is a sufficient consideration for the obligation of the surety. Orman v. Scharnagel, 210 Ala. 381, 98 So. 123. That the note was without consideration is not sustained by the evidence.

[2, 3] All agreements to suppress the prosecution of crime are against public policy. A note given in consideration of such agreement is void. The rule extends to agreements to defeat a prosecution already begun; to abandon a threatened prosecution, or to conceal the crime and prevent its prosecution in due course.

[4, 5] Although supported by an adequate consideration, if such an agreement entered as a partial consideration, the note is vitiated for illegality. Parol evidence of such consideration is admissible. People's Bank & Trust Co. v. Floyd, 200 Ala. 192, 75 So. 940; Folmar v. Siler, 132 Ala. 297, 31 So. 719; U. S. Fidelity & Deposit Co. v. Charles, 131 Ala. 658, 31 So. 558, 57 L. R. A. 212.

[6, 7] A plea alleging that such agreement was the sole consideration for the execution of the note by the surety is not sustained

when the evidence shows it was given for the lawful debt of the principal. Orman v. Scharnagel, 210 Ala. 381, 98 So. 123. But a plea alleging in general terms that the consideration of the note was the agreement to suppress a criminal prosecution, the gravamen of the plea being illegality rather than want of consideration, is supported by evidence that such agreement was part consideration for the note. In either event, there must be an actual agreement, express or implied, for the suppression of the criminal prosecution.

[8] The rule of the common law that a civil action for injury to person or property, amounting to a felony, could not be maintained without prosecution of the offender has been abolished by statute. Code, § 5691. The right to sue carries the right to settle and obtain security for the debt without becoming the actor in a criminal prosecution.

[9] That the sureties, brothers of the offender, may have been induced by affection and the protection of the family name to aid the brother to make restitution, thus removing any personal incentive to prosecute, placing the brother in a better moral position would not vitiate the note, in the absence of agreement committing plaintiff to concealment or to otherwise shirk the duty common to all citizens in the punishment of crime. Moog v. Strang, 69 Ala. 98.

[10] The testimony of plaintiff's agents is to the effect that the negotiations were conducted without reference to a prosecution; that no threats were made nor promises given; that the makers were advised a settlement of the debt would not prevent a prosecution.

A further phase of their evidence indicates that plaintiff's agents were not proposing to become the actors in a prosecution, whether the debt was secured or not, but advised the sureties that, in case the debt was not paid or secured, they would look to the bonding company liable for the debt in part; that plaintiff would not speak for the bonding company; and that any information desired by the state or the bonding company would be furnished. This falls short of any agreement which should defeat the notes given for an admitted indebtedness.

We do not find in the record any statement by plaintiff's agents that in the event of a prosecution they promised to stay by the accused. The evidence for defendants was in direct conflict with that of plaintiff on this issue. The witnesses were heard orally before the trial court sitting as a jury. We do not find such preponderance of evidence for defendants as warrants a reversal of the trial judge.

The same conclusion is reached on the issue of conditional delivery of the note. The evidence of duress, if any there be, is much less in probative force than that of illegality of consideration.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.