796 So.2d 1067 (2000)
Melinda L. LEWIS
v.
Richard H. FRAUNFELDER.
1982085.
Supreme Court of Alabama.
October 27, 2000.
Application for Second Rehearing Overruled May 4, 2001.
*1068 F. Luke Coley, Jr., Mobile, for appellant.
Thomas R. McAlpine of Whitfield & McAlpine, P.C., Mobile, for appellee.
W. Joseph McCorkle, Jr., and Marc J. Ayers of Balch & Bingham, L.L.P., Montgomery; and Robert A. Huffaker of Rushton, Stakely, Johnston & Garrett, Montgomery, for amici curiae Alabama Bankers Ass'n; Automobile Dealers Ass'n of Alabama, Inc.; Alabama Retail Ass'n; and Alabama Civil Justice Reform Committee.
Rhonda Pitts Chambers of Rives & Peterson, P.C., Birmingham, for amicus curiae Alabama Defense Lawyers Ass'n.

On Application for Rehearing
SEE, Justice.
The opinion of May 12, 2000, is withdrawn and the following is substituted therefor.
Melinda L. Lewis appeals from a judgment dismissing her complaint against Richard H. Fraunfelder. Because the complaint does not state a claim upon which relief can be granted, we affirm.

I.
In October 1996, Lewis filed this action in the Mobile Circuit Court, against Fraunfelder and NationsBank of Delaware, N.A., alleging "civil mail fraud"[1] against Fraunfelder and libel against NationsBank. In her complaint, Lewis alleges that: (1) Fraunfelder moved into a house where Lewis had previously lived; (2) Fraunfelder received credit-card applications and other items containing personal information that were mailed to Lewis at that address; (3) Fraunfelder used those documents to obtain credit cards in Lewis's name and to incur debts in Lewis's name; and (4) NationsBank, the issuer of one of the credit cards, reported to Equifax Credit Information Services that the account information it had previously reported *1069 concerning that card was correct, despite the fact that Lewis had notified NationsBank that she did not have an account with NationsBank and that someone else had fraudulently obtained the credit card in her name.
In April 1997, in consideration of $20,000, Lewis settled with NationsBank and released her claim against that defendant. The trial court then dismissed NationsBank. In September 1997, Lewis, alleging that Fraunfelder had been adjudged guilty of credit-card fraud, a violation of 18 U.S.C. § 1029(a)(2), moved the trial court to amend her complaint to add a claim against Fraunfelder for "civil credit-card fraud." The trial court granted that motion.
In October 1998, Fraunfelder moved to dismiss the complaint as it related to him, asserting that the complaint failed to state a claim upon which relief could be granted against him. See Rule 12(b)(6), Ala. R.Civ.P. In January 1999, Fraunfelder moved for a summary judgment, asserting that Lewis had released her claims against him when she released her claim against NationsBank. He supported the motion with copies of the release and the settlement agreement. The case action summary sheet indicates that Fraunfelder's motion to dismiss was set for oral argument on February 12[2] and that Lewis's attorney was "to submit [a] letter brief within a few days." Lewis's attorney did not submit a letter brief "within a few days." On February 17, the trial court entered on the case action summary sheet an order granting Fraunfelder's motion to dismiss.[3] On March 16, Lewis moved the trial court to vacate its February 17 order and filed a brief addressing the issues raised in Fraunfelder's summary-judgment motion. On June 11, the trial court denied Lewis's motion to vacate the order of dismissal.

II.
The dispositive issue is whether Lewis's complaint states a claim against Fraunfelder upon which relief can be granted.
"When reviewing a trial court's dismissal of a complaint for failure to state a claim upon which relief can be granted, this Court, in determining the sufficiency of the complaint, construes the plaintiffs allegations in favor of the plaintiff and resolves all doubts concerning the sufficiency of the complaint in favor of the plaintiff. See Boswell v. Liberty Nat'l Life Ins. Co., 643 So.2d 580, 581 (Ala.1994). `"`In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail.'"' Id. (quoting Grant v. Butler, 590 So.2d 254, 255 (Ala.1991) (quoting Greene County Bd. of Educ. v. Bailey, 586 So.2d 893 (Ala.1991))) (emphasis added in Grant). Thus, `"`a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief.'"' Id."
Bethel v. Thorn, 757 So.2d 1154, 1157 (Ala. 1999).
Lewis concedes that she does not have a fraud claim against Fraunfelder because *1070 Fraunfelder did not make to her a misrepresentation on which she relied. She argues, instead, that her claims alleging "civil mail fraud" and "civil credit-card fraud" are cognizable under Ala.Code 1975, § 6-5-370, which, she argues, authorizes a civil action "[f]or any injury ... amounting to a felony." We disagree.
Ala.Code 1975, § 6-5-370, provides that "[f]or any injury, either to person or property, amounting to a felony, a civil action may be commenced by the party injured without prosecution of the offender." Section 6-5-370 abrogates the common-law rule of "suspension," see 1 Am.Jur.2d Actions § 45 (1962), the rule that "a civil action for injury to person or property, amounting to a felony, could not be maintained without prosecution of the offender." Wilson v. Singer Sewing Mach. Co., 214 Ala. 536, 538, 108 So. 358, 359 (1926). Section 6-5-370 does not create a cause of action; rather, it merely allows a plaintiff to commence a civil action even if the plaintiff does not pursue criminal prosecution of the defendant.

III.
Because Lewis's complaint fails to state a claim against Fraunfelder upon which relief can be granted, we affirm the trial court's dismissal of Lewis's complaint insofar as it relates to Fraunfelder.
APPLICATION FOR REHEARING GRANTED; OPINION OF MAY 12, 2000, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
HOOPER, C.J., and MADDOX, COOK, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
HOUSTON and LYONS, JJ., concur in the result.
LYONS, Justice (concurring in the result).
I concur in the result. Changes made by codifiers of the Code, when adopted by the Legislature, prevail over the text of the act from which the Code language at issue is derived. Smith v. State, 223 Ala. 346, 136 So. 270 (1931); State v. Towery, 143 Ala. 48, 39 So. 309 (1905). The act from which § 6-5-370 is derived contained these two sections:
"Sec. 1. Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened, That the common law rule as recognized by the decisions of the Supreme Court of this State, that a civil action will not lie for an injury amounting to a felony, until after a criminal prosecution for the offense, be, and the same is hereby abolished.
"Sec. 2. Be it further enacted, That for any injury either to the person or property of another, amounting either in fact, or prima facie, to a felony, an action may be maintained by the party injured before any prosecution of the offender, in the same manner as if the offense were a misdemeanor or a trespass only."
1861 Ala. Acts 67 (Acts of the Second Called Session and of the First Regular Annual Session), Act No. 73, Dec. 5, 1861 (abolishing the common-law rule of suspension).
Beginning with the 1886 Code, the language from § 1 no longer appeared. However, the doctrine of stare decisis prevents us from ignoring the effect of § 1. In Wilson v. Singer Sewing Mach. Co., 214 Ala. 536, 108 So. 358 (1926), this Court effectively read § 1 back into the Code:
"[In view of § 5691, Ala.Code 1923,] [t]he rule of the common law that a civil action for injury to person or property, amounting to a felony, could not be *1071 maintained without prosecution of the offender has been abolished by statute.... The right to sue carries the right to settle and obtain security for the debt without becoming the actor in a criminal prosecution."
214 Ala. at 538, 108 So. at 359.
We are bound by the doctrine of stare decisis to apply § 6-5-370 as it was construed in Wilson.
HOUSTON, J., concurs.

On Application for Second Rehearing
SEE, Justice.
APPLICATION OVERRULED. NO OPINION.
MOORE, C.J., and HOUSTON, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., concurs specially.
JOHNSTONE, Justice (concurring specially).
Because of a mix-up in the trial court, the parties in this case did not agree even on which motion was grantedthe motion to dismiss or the motion for summary judgmentand therefore did not agree even on what kind of judgment was being appealed. The mix-up casts doubt on whether the plaintiff was really standing on her pleadings at the time the trial court granted the motion to dismiss. Thus an application by the plaintiff to the trial court for leave further to amend her complaint would be appropriate.
NOTES
[1] Lewis argues that Ala.Code 1975, § 6-5-370, authorizes a civil action "[f]or any injury... amounting to a felony." Pursuant to 18 U.S.C. §§ 1341 and 1342, mail fraud is a felony.
[2] In her brief to this Court, Lewis asserts that it was actually the motion for a summary judgment that was orally argued on February 12 and that she had no notice of the summary-judgment motion before the February 12 hearing.
[3] However, in her brief to this Court, Lewis asserts that it was actually the motion for a summary judgment that was granted on February 17.