865 So.2d 424 (2003)
Kathy PRESKITT and Mr. Install, Inc.
v.
Brantley W. LYONS and Professional Staffing, Inc.
1011575.
Supreme Court of Alabama.
March 7, 2003.
Order Overruling Rehearing May 16, 2003.
*425 W. Eugene Rutledge, Birmingham; and Carrie Ellis McCollum of Sasser, Littleton & Stidham, P.C., Montgomery, for appellants.
Alex L. Holtsford, Jr., and David P. Stevens of Nix, Holtsford, Gilliland, Higgins & Hitson, P.C., Montgomery, for appellee Brantley W. Lyons.
Brantley W. Lyons, Montgomery, for appellee Professional Staffing, Inc.
HARWOOD, Justice.
This appeal arises from a second lawsuit between the parties. In the first lawsuit, Professional Staffing, Inc., an Alabama corporation ("Staffing"), represented by attorney Brantley Lyons, sued Mr. Install, Inc., an Alabama corporation, and Kathy Preskitt[1] (hereinafter jointly referred to as "Preskitt") on a breach-of-contract claim. This claim was in regard to moneys advanced to Kathy Preskitt for employee wages, payroll taxes, federal income taxes, health insurance premiums, and other fees. On December 18, 2000, the trial court entered a default judgment in favor of Staffing because Preskitt had failed to appear for trial. Preskitt moved to have the default judgment set aside, but the trial court denied that motion. On January 19, 2001, Preskitt's attorney paid the judgment from his own funds, and on January 24, 2001, the trial court entered an order stating that the judgment was satisfied. Nevertheless, Preskitt appealed the trial court's order refusing to set aside the default judgment. On December 21, 2001, the Alabama Court of Civil Appeals affirmed the judgment of the trial court, without an opinion. Preskitt v. Professional Staffing, Inc., (No. 2000468) 852 So.2d 851 (Ala.Civ.App.2001)(table).
On February 4, 2002, Preskitt filed the second action, suing Staffing and Lyons on claims of extortion, attempted extortion, and abuse of process. Staffing and Lyons filed a motion to dismiss Preskitt's claims pursuant to Rule 12(b)(6), Ala. R. Civ. P., for failure to state a claim upon which relief can be granted. Preskitt filed a response asserting that Staffing and Lyons's pleading was incorrectly styled,[2] that a civil action for extortion exists at common law, and that a threat by Staffing to record the satisfied judgment constituted an abuse of process. With this response, Preskitt filed the supporting affidavit of Kathy Preskitt's husband, Mike Preskitt, who was vice president of Mr. *426 Install, Inc. Subsequently, Preskitt filed "Plaintiffs' Motion for Summary Judgment" as well as a "Motion for the Court to Establish a Summary Judgment Discovery and Hearing Schedule." Still later she filed "Plaintiffs' Additional Submission on Summary Judgment" with supporting evidentiary documents.[3]
The trial court granted Staffing and Lyons's motion and dismissed Preskitt's case with prejudice on April 5, 2002; it also denied Preskitt's motion for a summary judgment. The order stated, in pertinent part:
"The complaint contains no allegations that [Staffing and Lyons] obtained any property of [Preskitt's] or that [Staffing and Lyons] threatened physical harm or threatened to subject [Preskitt], or another, to physical confinement or restraint. Therefore, [Preskitt] cannot maintain an action pursuant to § 6-5-370, [Ala.Code 1975], based on the underlying felony of extortion in the First Degree.
"Extortion in the Second Degree is a class C felony and, therefore, pursuant to § 13A-4-2(d) [Ala.Code 1975], attempted extortion would be a Class A misdemeanor. Thus, assuming there was an attempted extortion, it would only be a misdemeanor and § 6-5-370 does not provide for a civil action for any injury amounting to a misdemeanor.
"[Preskitt] also allege[s] abuse of process by [Staffing and Lyons]. In Willis v. Parker, [814 So.2d 857, (Ala.2001) ], it was reiterated that in order to establish a claim for abuse of process, one must prove the existence of an ulterior motive, a wrongful use of process and malice. Suffice it to say that the letter sent to [Preskitt[4]] does not constitute legal process much less abuse of legal process."
Preskitt appealed to this Court; she argues (1) that Alabama recognizes a civil cause of action for extortion and attempted extortion; (2) that her complaint states claims on which relief can be granted, i.e., extortion, attempted extortion, and abuse of process; (3) that the trial court erred in denying her motion for a summary judgment; and (4) that the trial court erred by granting Staffing and Lyons's Rule 12(b)(6) motion to dismiss.
We treat this appeal from the granting of Staffing and Lyons's Rule 12(b)(6) motion to dismiss as being from a summary judgment because the trial court was presented with matters outside the pleadings, including the letter referred to in its order, and it did not expressly exclude them. "When matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment, Rule 12(b), Ala. R. Civ. P.; this is the case regardless of what the motion has been called or how it was treated by the trial court." Hornsby v. Sessions, 703 So.2d 932, 937-38 (Ala.1997).
Our review of a summary judgment is de novo.
"In reviewing the disposition of a motion for summary judgment, `we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,' Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988), and whether the movant was `entitled to a *427 judgment as a matter of law.' Wright v. Wright, 654 So.2d 542 (Ala.1995); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is `substantial' if it is of `such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala.1993)[overruled on other grounds, Bruce v. Cole, 854 So.2d 47 (Ala.2003)]; Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990)."
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.1997).
Our review of the record shows that on January 24, 2002, approximately a month after the Court of Civil Appeals had affirmed the trial court's refusal to set aside the default judgment, Lyons, on behalf of his client Staffing, mailed a letter to Preskitt; that letter stated, in pertinent part:
"As you know, my client obtained a judgment against you and the corporation jointly and severally. You then appealed the judgment as it related to you individually and said appeal was not successful. The appeal cost additional monies to my client. Because of these extra costs my client desires that I record the judgment for recording purposes even though the same had been paid. However, my client is willing to negotiate a further settlement with you to avoid recording a judgment against you. Please call me so we can discuss the matter."
(Emphasis supplied.) Mike Preskitt's previously referenced affidavit asserted that on January 29, 2001, Lyons telephoned Mike Preskitt's office and offered "to have the judgment removed from Kathy's name for the payment of an additional $35,000.00." Mike Preskitt further affirmed that he was again approached by Lyons on January 31, 2001, at the Montgomery County courthouse, and that Lyons stated, "I am still interested in getting this satisfied against your wife." That same evening, according to Mike Preskitt's affidavit, Lyons telephoned him and reiterated that if they paid an additional $35,000, Lyons "would not represent any further claimants" against Kathy Preskitt.
On February 6, 2002, two days after the second action was filed, Lyons sent a second letter, this time to Preskitt's attorneys, which stated, "[t]his letter serves as confirmation that neither I or Professional Staffing, Inc. intend to record a judgment against Kathy Preskitt or Mr. Install. There is no record of the judgement filed with the Probate Court."
Preskitt first argues that the trial court in its order misconstrued her complaint, and that she was actually asserting a civil cause of action "under common-law rules" for her extortion and attempted extortion claims, as opposed to relying only on statutory law. Preskitt's complaint stated that she had "a civil cause of action for damages through provisions of Code of Alabama, § 6-5-370 and under common law rules." (Emphasis added.)
In support of her argument that she has a cause of action under the common law *428 for the torts of extortion or attempted extortion, Preskitt cites to four cases she states demonstrate that "Alabama has long recognized the civil action for extortion under circumstances such as those in this case": Dudley v. Stansberry, 5 Ala.App. 491, 59 So. 379 (1912), overruled on other grounds, Drill Parts & Serv. Co. v. Joy Mfg. Co., 619 So.2d 1280 (Ala.1993); Southern Cotton Oil Co. v. Currie, 20 Ala. App. 1, 2, 102 So. 149, 150 (1922); Ex parte McMahan, 507 So.2d 492 (Ala.1987); and Winn-Dixie Montgomery, Inc. v. Bryant, 421 So.2d 1254 (Ala.1982). Our analysis of the issues presented on appeal in those cases and of the actual holding in each persuades us that none of those cases actually recognized the existence of the tort of extortion under the common law.
In Dudley, the plaintiff alleged that the defendants had wrongfully levied a writ of garnishment on his wages "for the purpose of extorting" money from him. 5 Ala.App. at 494, 59 So. at 380. The Court of Appeals stated that the facts alleged were sufficient to constitute "an unlawful abuse of legal process" claim. Although Preskitt contends that this case "discussed the civil action of extortion at some length," the opinion merely offered several definitions of extortion taken from Words and Phrases for the limited purpose of showing that an allegation of "extorting money" would serve to state the necessary elements of abuse of legal process, namely that the use of the process was done "wrongfully, without probable cause, and maliciously." 5 Ala.App. at 495, 59 So. at 380.
Southern Cotton Oil Co., supra, involved a disputed accord and satisfaction. That case makes the statements, only in connection with the proposition that there must be a good-faith dispute as to the amount due before there can be an accord and satisfaction, that "[a] dispute cannot be raised for the mere purpose of extorting money. A person cannot create a dispute sufficient as a consideration for a compromise by a mere refusal to pay an undisputed claim. That would be extortion, and not compromise." 20 Ala.App. at 2, 102 So. at 150 (citation omitted). Thus, Southern Cotton Oil Co. does not address the existence of a civil common-law action for extortion.
In Ex parte McMahan, supra, this Court issued a writ of mandamus vacating an order staying all discovery in a civil case pending the conclusion of a related criminal case. The civil case arose out of the defendants' attorney sending the plaintiff a letter that threatened a civil action and criminal charges, if the plaintiff did not pay the defendants a sum of money as damages for the plaintiff's alleged fraudulent conduct. Although one of the claims in the multiclaim complaint in that case was "attempted extortion," this Court was called upon to consider only the issue whether discovery should have been stayed; the Court did not even peripherally address the merits of the civil case or discuss whether attempted extortion was a viable cause of action.
In Winn-Dixie Montgomery, Inc., supra, this Court held that the Birmingham Division of the Tenth Judicial Circuit, as opposed to the Bessemer Division, had jurisdiction of the disputes, and that the trial court had not abused its discretion by allowing the plaintiff to amend his complaint at the close of evidence to allege blackmail and extortion. The plaintiff had originally brought an action alleging false arrest, false imprisonment, malicious prosecution, slander, and involuntary servitude. The Court did not directly address the validity of the extortion and blackmail claims. Rather, after pointing out, with respect to the challenged amendment, the liberal policy of Rule 15, Ala. R. Civ. P., the Court simply stated, with respect to *429 the notion of prejudice resulting from a tardy amendment, that "[t]he evidence supporting [the plaintiff's] claims of extortion and blackmail was the same evidence presented throughout the trial and argued before the jury." 421 So.2d at 1257. This observation cannot, as Preskitt contends, be construed as a recognition of a civil cause of action for extortion independent of criminal statutes.
Accordingly, none of the actual holdings in the cases Preskitt relies on supports her contention that Alabama recognizes a civil cause of action for extortion or attempted extortion based upon the common law under the facts alleged by Preskitt. Our own research has located no such Alabama case. In addition, other jurisdictions have declined to recognize a civil cause of action for extortion or attempted extortion. See Printers II, Inc. v. Professionals Publ'g, Inc., 784 F.2d 141 (2d Cir.1986); Second & Ashbourne Assocs. v. Cheltenham Township, Ms. 88-6400, July 28, 1989 (E.D.Pa. 1989)(not published in F.Supp.); Boschette v. Bach, 925 F.Supp. 100 (D.P.R.1996); Myers v. Cohen, 5 Haw.App. 232, 687 P.2d 6 (1984), rev'd on other grounds, 67 Haw. 389, 688 P.2d 1145 (1984); Niagara Mohawk Power Corp. v. Testone, 272 A.D.2d 910, 708 N.Y.S.2d 527 (2000); Carnemolla v. Walsh, No. CV990155192S, November 8, 2001 (Conn.Super.Ct.2001)(unpublished opinion).
Preskitt further asserts in her brief that "[t]he correct interpretation of the complaint is that it merely alleged that the charged conduct of [Staffing and Lyons] violated the criminal statutes cited and that in the absence of a criminal prosecution the conduct would not be civilly actionable but for § 6-5-370." (Emphasis added.) Section 6-5-370, Ala.Code 1975, provides, "For any injury, either to person or property, amounting to a felony, a civil action may be commenced by the party injured without prosecution of the offender." (Emphasis added.)
The application of § 6-5-370 was discussed in Lewis v. Fraunfelder, 796 So.2d 1067 (Ala.2000). In Lewis, the plaintiff sued the person who moved into the plaintiff's former residence, alleging civil mail fraud and civil credit-card fraud. The plaintiff alleged that the new resident had obtained a credit card in the plaintiff's name and had then incurred debts in her name. However, the plaintiff conceded that the new resident did not make a misrepresentation upon which she relied, and reliance is required in order to support a fraud claim. The Lewis Court held that there was no cause of action for civil mail fraud or civil credit-card fraud under these circumstances because "[s]ection 6-5-370 does not create a cause of action; rather it merely allows a plaintiff to commence a civil action [for any injury amounting to a felony] even if the plaintiff does not pursue criminal prosecution of the defendant." 796 So.2d at 1070. Thus, § 6-5-370 only eliminates an obstacle for plaintiffs with a valid cause of action; it does not create a civil cause of action for any injury that amounts to a felony.
In order to determine if § 6-5-370 is applicable in the case at hand, we must first consider what constitutes the criminal offense of extortion, and under what circumstances it is classified as a felony. "A person commits the crime of extortion if he knowingly obtains by threat control over the property of another, with intent to deprive him of the property." Ala.Code 1975, § 13A-8-13. (Emphasis added.) By definition, the facts of Preskitt's case do not constitute the criminal offense of extortion because she has never alleged that Staffing and Lyons obtained control over any of her property. Accordingly, we need not consider whether a criminal extortion offense would give rise to a counterpart *430 civil cause of action. Attempted extortion is Preskitt's only possibly viable claim.
Because extortion is classified in varying degrees, we must determine which degree of extortion allegedly attempted corresponds with the facts of this case. Extortion in the first degree is defined in Ala. Code 1975, § 13A-8-14, and is inapplicable in this case because it requires a threat of physical harm or physical confinement or restraint, which are not alleged in this case.
Section 13A-8-15, Ala.Code 1975, in combination with § 13A-8-1(13)k., defines extortion in the second degree in terms presenting the only scenario possibly applicable to the facts of this case. It is extortion by means of a threat to, among other things,
"[d]o any other act which would not in itself substantially benefit the actor but which is calculated to harm substantially another person with respect to his health, safety, business, calling, career, financial condition, reputation or personal relationships."
§ 13A-8-1(13)k., Ala.Code 1975.
Extortion in the second degree is a Class C felony. Ala.Code 1975, § 13A-8-15(c). Assuming for purposes of analysis that the facts in this case are consistent with this definition of extortion in the second degree, an attempted extortion in the second degree would constitute only a Class A misdemeanor. See Ala.Code 1975, § 13A-4-2(d)(4). Therefore, the offense would not fall within the purview of § 6-5-370. The direct implication of § 6-5-370 is that a misdemeanor must first be prosecuted criminally before it can be civilly actionable. Moreover, Preskitt expressly acknowledges in her brief that, but for § 6-5-370, she would have to first prosecute her claims criminally. So, according to her own characterization of § 6-5-370, she is barred from pursuing a civil attempted extortion claim without prior criminal prosecution of the same claim.
Preskitt also contends that the trial court misconstrued her complaint as to her abuse-of-process claim. The trial court interpreted Preskitt's complaint as alleging that the letter Lyons sent to her constituted the abuse of process. In her brief to this Court, Preskitt asserts that her abuseof-process claim actually resulted from the threat made by Staffing and Lyons to record the fully paid default judgment. She contends that her complaint "alleges a threatened misuse of the legally issued process, i.e. the judgment."
This Court has held that in order to prove the tort of abuse of process, a plaintiff must prove: "`(1) the existence of an ulterior purpose; 2) a wrongful use of process, and 3) malice.'" Willis v. Parker, 814 So.2d 857, 865 (Ala.2001) (quoting C.C. & J., Inc. v. Hagood, 711 So.2d 947, 950 (Ala.1998)). Even if the first and third elementsexistence of an ulterior purpose and malicemight be inferred from the evidence, the record does not establish the second element. It is undisputed that Staffing and Lyons never actually recorded the default judgment. In fact, Lyons mailed Preskitt a letter two days after this action was filed, confirming that Staffing and Lyons neither had filed nor intended to record the judgment. Legal process has been defined in Black's Law Dictionary (6th ed.1990) as "a summons, writ, warrant, mandate, or other process issuing from a court." In Dickerson v. Schwabacher, 177 Ala. 371, 376, 58 So. 986, 988 (1912), this Court listed the following examples of legal processes for which an action will lie if the process is abused:
"`Entering up judgment and suing out execution after the demand is satisfied; suing out attachment for an amount *431 greatly in excess of the debt; causing an arrest for more than is due; levying an execution for an excessive amount; causing an arrest when the party cannot procure bail, and keeping him imprisoned until, by stress thereof, he is compelled to surrender property to which the other is not entitled.'... Cooley on Torts, pp. 189-90."
Thus, Staffing and Lyons would have had to have actually recorded the satisfied judgment, not just threaten to record it, in order to have misused the process of the judgment. The record thus does not support Preskitt's abuse-of-process claim.
For the foregoing reasons, the trial court's summary judgment in favor of Staffing and Lyons is due to be affirmed. In view of the fact that the trial court's summary judgment in favor of Staffing and Lyons as to all of Preskitt's claims is due to be affirmed, we need not address Preskitt's motion for a summary judgment on the same issues.
AFFIRMED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, WOODALL, and STUART, JJ., concur.

On Application for Rehearing
HARWOOD, Justice.
APPLICATION OVERRULED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., dissents.
JOHNSTONE, Justice (dissenting).
I respectfully dissent from overruling the plaintiffs' application for rehearing. Further study of the cases cited by the plaintiffs and discussed in the main opinion on original submission persuades me that extortion is a common law tort in Alabama. Further study also persuades me that I should express no opinion on the viability of the plaintiffs' abuse-of-process claim.
The defendants' indisputable conduct in this case would seem actionable under the plaintiffs' theory of common law extortion. Therefore, if I were voting today, I would dissent from the main opinion.
NOTES
[1] The record is unclear as to Kathy Preskitt's relationship with Mr. Install, Inc.; the complaint alleges that Mr. Install, Inc., is the "alter ego" of Kathy Preskitt.
[2] Preskitt contended that Staffing and Lyons's motion to dismiss was actually a motion for a summary judgment because it referred to matters outside of the complaint.
[3] Preskitt filed a copy of the order from the first lawsuit, which stated that the judgment was satisfied, and a copy of the letter written by Lyons, which she alleges threatens to record the satisfied judgment.
[4] See note 3.