MOORE, Judge,
concurring in the result in part and dissenting in part.
I concur in the result with regard to the majority opinion’s affirmance of the abuse-of-process claim. In Preskitt v. Lyons, 865 So.2d 424 (Ala.2003), our supreme court noted that “legal process” is defined as “ ‘a summons, writ, warrant, mandate, or other process issuing from a court.’ ” 865 So.2d at 430 (quoting Black's Law Dictionary (6th ed. 1990)) (emphasis added). In light of this language, I conclude that this court cannot expand an abuse-of-process claim to an administrative proceeding. See also Stolz v. Wong Commc’ns Ltd. P’ship, 25 Cal.App.4th 1811, 1823, 31 Cal.Rptr.2d 229, 236-37 (1994) (“We have located no authority extending the tort of abuse of process to administrative proceedings. Application of the tort to administrative proceedings would not serve the purpose of the tort, which is to preserve the integrity of the court.”); Moore v. Western Forge Corp., 192 P.3d 427, 439 (Colo.Ct.App.2007) (“The vast majority of jurisdictions decline to recognize abuse of process in nonjudicial proceedings.”) (citing Stolz, supra; Kirchner v. Greene, 294 Ill.App.3d 672, 229 Ill.Dec. 171, 691 N.E.2d 107 (1998); Gordon v. Community First State Bank, 255 Neb. 637, 651, 587 N.W.2d 343, 353 (1998); McCarthy v. KFC Corp., 607 F.Supp. 343 (W.D.Ky.1985); Stagemeyer v. County of Dawson, 192 F.Supp.2d 998, 1010 (D.Neb.2002); O’Hayre v. Board of Educ. of Jefferson County, 109 F.Supp.2d 1284, 1296-97 (D.Colo.2000); and Char v. Matson Terminals, Inc., 817 F.Supp. 850, 858-59 (D.Haw.1992)).
I respectfully dissent, however, from the majority opinion’s affirmance of the trial court’s judgment dismissing Arthur Haynes’s malicious-prosecution claim. Although, as noted by the main opinion, Alabama courts have not previously determined whether a malicious-prosecution claim may be based on an administrative proceeding, 30 So.3d 425, I believe, based on the following analysis, that our supreme court would recognize the test set out in 3 Restatement (Second) of the Law of Torts § 680 (1977), which provides:
“One who takes an active part in the initiation, continuation or procurement of civil proceedings against another before an administrative board that has power to take action adversely affecting the legally protected interests of the other, is subject to liability for any special harm caused thereby, if
“(a) he acts without probable cause to believe that the charge or claim on which the proceedings are based may be well founded, and primarily for a purpose other than that of securing appropriate action by the board, and
“(b) except where they are ex parte, the proceedings have terminated in favor of the person against whom they are brought.”
Under current Alabama law, “[t]he elements of malicious prosecution are: (1) a judicial proceeding initiated by the defendant, (2) the lack of probable cause, (3) malice, (4) termination in favor of the plaintiff, and (5) damage.” Cutts v. American United Life Ins. Co., 505 So.2d 1211, 1214 (Ala.1987). Many administrative proceedings bear all the hallmarks of a traditional judicial proceeding in which a person’s legally protected interest may be adversely affected only when such due-process requirements as notice and an opportunity to be heard, the right to procure evidence and cross-examine witnesses, and the right to appeal have been afforded to that person. Those proceedings so closely *428 resemble judicial proceedings that they may be considered “quasi-judicial” in nature. See Hillside Assocs. v. Stravato, 642 A.2d 664 (R.I.1994).
In Melvin v. Pence, 130 F.2d 423, 426 (D.C.Cir.1942), the leading case on the subject, the United States Court of Appeals for the District of Columbia stated:
“Much of the jurisdiction formerly residing in the courts has been transferred to administrative tribunals, and much new jurisdiction involving private rights and penal consequences has been vested in them. In a broad sense their creation involves the emergence of a new system of courts, not less significant than the evolution of chancery. The same harmful consequences may flow from the groundless and malicious institution of proceedings in them as does from judicial proceedings similarly begun. When one’s livelihood depends upon a public license, it makes little difference to him whether it is taken away by a court or by an administrative body or official. Nor should his right to redress the injury depend upon the technical form of the proceeding by which it is inflicted. The administrative process is also a legal process, and its abuse in the same way with the same injury should receive the same penalty.”
I agree with the foregoing language to the extent that it holds that malicious-prosecution claims encompass claims alleging malicious instigation of quasi-judicial administrative proceedings designed to terminate a person’s legally protected interest. As many other jurisdictions have already recognized, extending the cause of action to such administrative proceedings only recognizes and protects their intended quasi-judicial nature without unduly enlarging the scope of the tort remedy. See Stravato, supra.
Pursuant to Ala.Code 1975, § 16-24-1 et seq. (“the Teacher Tenure Act”), a teacher in “continuing service” has a legally protected interest in continued employment. Ala.Code 1975, § 16-24-2. Alabama Code 1975, § 16-24-9, affords notice and an opportunity to be heard to tenured teachers before their employment contracts may be canceled. Further, Ala.Code 1975, 16-24-10, allows the teacher to request a post-termination hearing before a hearing officer. The hearing officer must, upon the request of the teacher, issue subpoenas for witnesses and documentary evidence. Ala. Code 1975, § 16-24-10(a). After the hearing, the hearing officer must render a written decision. Id. The teacher may request a review of the hearing officer’s decision by the Court of Civil Appeals. Ala.Code 1975, § 16-24-10(b). The administrative proceedings provided for in §§ 16-24-9 and 16-24-10 undoubtedly are quasi-judicial in nature. Any malicious instigation of administrative proceedings to procure the cancellation of a tenured teacher’s employment contract without good cause should be actionable.
The main opinion does not appear to disagree with that conclusion, but it decides that the trial court properly dismissed Haynes’s complaint because Ron Coleman, the defendant below, did not “initiate” the administrative proceeding against Haynes. 30 So.3d at 423. Our supreme court has held: *429 Alabama Power Co. v. Neighbors, 402 So.2d 958, 962 (Ala.1981). However, “if one ‘corruptly or oppressively brings about the indictment or prosecution of another maliciously and without probable cause ... by [method of] fraud, perjury, subornation, or by the willful suppression of known material facts, the intentional thwarting of a fair investigation,’ [Alabama Power Co. v. Neighbors, 402 So.2d 958, 965 (Ala.1981) ], [he or] she is the initiator of the judicial proceeding against the malicious prosecution plaintiff.” Shoney’s, Inc. v. Barnett, 773 So.2d 1015, 1023 (Ala.Civ.App.1999). Thus, although the district attorney ultimately must make the decision to prosecute in a criminal case, a person who gives false information to the police or to the district attorney that results in a prosecution could be deemed the initiator of the judicial proceeding. Id.
*428 “If a defendant merely gives the district attorney’s office information regarding an alleged crime, leaving the decision to prosecute entirely to the uncontrolled discretion of the district attorney, who thereafter makes his own independent investigation and thereupon takes the information before the grand jury which returns indictments against the suspects, the defendant, in a malicious prosecution action, is not regarded as having instigated the criminal proceeding.”
*429 It follows that, in an administrative proceeding concerning the dismissal of a teacher, although the superintendent ultimately must make the decision to recommend to the local school board that a teacher’s employment contract be canceled, § 16-24-9, if a person gives false information that brings about that recommendation, that person may be deemed the initiator of the administrative proceeding. In support of his malicious-prosecution claim, Haynes alleged that Coleman had “impart[ed] false information to investigators, co-workers, and supervisors, knowing or having reasonable grounds to believe that the information imparted was false.” I believe that those allegations, if true, are sufficient to state that Coleman initiated the administrative proceeding against Haynes and that he did so with malice and without probable cause.
In his complaint, Haynes further alleged that the hearing officer ultimately issued a ruling in his favor in the administrative proceeding. Construing that allegation most strongly in Haynes’s favor, see Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1017 (Ala.2003) (quoting Lyons v. River Road Constr., Inc., 858 So.2d 257, 260 (Ala.2003)), I conclude that Haynes appropriately alleged that the administrative proceeding was terminated in his favor, one of the essential elements of a malicious-prosecution claim. Haynes also alleges that, as a result of the prosecution of the administrative proceeding against him, he suffered “shame, humiliation, mental distress, and injury and damage to his reputation in the community.” Those allegations satisfy the final element of a malicious-prosecution claim under Alabama law. I believe the trial court erred in dismissing that count of the complaint containing the malicious-prosecution claim. Therefore, I respectfully dissent.
THOMAS, J., concurs.